632

**Joseph R. BOIMAH, Plaintiff–Appellant,**

v.

**CUMBERLAND FARMS, INC., Defendant–Appellee.**

No. 06–0416–cv.

United States Court of Appeals, Second Circuit.

June 20, 2007.

Joseph R. Boimah, Albany, NY, pro se.

Philip J. Moss, Moon, Moss & Shapiro, P.A., New York, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. SONIA SOTOMAYOR and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Appellant Joseph R. Boimah appeals from the judgment of the United States District Court for the Northern District of New York (Mordue, J.) granting summary judgment in favor of his former employer Cumberland Farms, Inc. ("Cumberland"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In January 2003 Boimah filed a complaint against Cumberland alleging discrimination based on race, national origin, age, "unfair payment," and "unfair insurance practice." The district court dismissed Boimah's complaint for failure to comply with the Federal Rules of Civil Procedure, but granted Boimah leave to amend. Boimah then filed an amended "complaint for employment discrimination *based on age*" (emphasis added); and Cumberland moved for summary judgment on the ground that Boimah had failed to exhaust administrative remedies for his claim of age discrimination. The district court denied the motion because Cumberland had failed to provide Boimah with the required notice for *pro se* litigants. In denying Cumberland's motion, the district court noted that Boimah "appears to have abandoned his earlier claims of discrimination based on race, color and/or national origin," and instructed Boimah to "clarify whether he intended to abandon his original claims for racial discrimination by filing an amended complaint based solely on age discrimination."

Cumberland resubmitted its motion for summary judgment, which was granted. The court observed that Boimah "did not address the issue of apparent claim abandonment," and the court therefore determined that the "amended complaint is based solely on a claim of age discrimination." Because Boimah's EEOC charge alleged only race, color, and national origin discrimination, the court concluded that Boimah had failed to exhaust administrative remedies for his claim of age discrimination.

By order dated September 22, 2006, this Court affirmed the district court's grant of summary judgment on Boimah's claim of age discrimination. We then stated: "Accordingly, the only issues properly before this Court are whether the district court erred by failing to address the appellant's race and national origin discrimination claims and unfair insurance practice claim." Boimah's submission to this Court makes no reference to the district court proceedings or to the abandonment of his other claims, nor is it in any way responsive to our September 22 order.

 Boimah's failure to address the only issues presented on appeal is sufficient to affirm the judgment of the district court. *See LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir.1995). In any event, on the record before us we will not disturb the district court's determination that Boimah abandoned all but his claim of age discrimination. The district court gave Boimah numerous opportunities to articulate his claims. The court's order denying Cumberland's initial motion for summary judgment explicitly warned Boimah that his claims could be deemed abandoned, and instructed Boimah to clarify the scope of his amended complaint. But Boimah "did not address the issue." Boimah's attempt to revive his abandoned claims in this Court is ineffective because his failure to raise the claims in the district court waives them on appeal. *See United States v. Belk,* 346 F.3d 305, 314–315 (2d Cir.2003) ("Because defendant's request for a vertical departure in the offense level

was not raised in the District Court, and the District Court never considered it, the claim is waived or forfeited on appeal.").

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**