20-376-cr
*United States v. Sofonzia Mack*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of October, two thousand twenty-one.

PRESENT:
> RICHARD C. WESLEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges*,
> BRIAN M. COGAN,\*
> *District Judge*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                          20-376-cr

SOFONZIA MACK,

> *Defendant-Appellant*.

_____

\* Brian M. Cogan, District Judge for the Eastern District of New York, sitting by designation.

_____

FOR PLAINTIFF-APPELLANT:        TIMOTHY P. MURPHY, Federal
Public Defender's Office,
Western District of New York,
Buffalo, NY.

FOR DEFENDANT-APPELLEE:        KATHERINE A. GREGORY
(Tiffany H. Lee, *on the brief*),
Assistant United States
Attorneys, *for* Trini E. Ross,
United States Attorney for the
Western District of New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Wolford and Larimer, *JJ.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on January 14, 2020, is **AFFIRMED**.

Defendant-Appellant Sofonzia Mack was convicted after a jury trial of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D), and unlawfully possessing a firearm after having been convicted as a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). On appeal, he challenges (1) the district court's denial of his motion to suppress the firearm recovered from

Mack after a car stop, (2) the district court's admission of evidence concerning Mack's 2007 conviction for a narcotics sale, and (3) the district court's jury instruction on the gun count. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Although the district court (Wolford, *J.*) acknowledged that the weapon seized from Mack was recovered as part of an illegal pat down, it nevertheless permitted the government to introduce the firearm on the theory that the firearm would have been inevitably discovered. According to the district court, when the officers conducted the illegal pat down, they had already determined that they would search the vehicle in which Mack was a passenger because of the strong smell of marijuana emanating from it. The court reasoned that during that planned search, the officers would have discovered the marijuana in the vehicle, which would have resulted in Mack's arrest on possession charges, and which then would have been followed by a search of Mack's person – and the discovery of the firearm – incident to the arrest. We review de novo a "district court's application[] of the inevitable discovery" doctrine, *United States v. Mendez*, 315 F.3d 132, 135 (2d Cir. 2002), asking whether "the prosecution can establish by a

3

preponderance of the evidence that the [evidence unlawfully seized] ultimately or inevitably would have been discovered by lawful means," *Nix v. Williams*, 467 U.S. 431, 444 (1984).[1]

Mack contends that as he was exiting the vehicle, he attempted to remove the bag of marijuana from the vehicle to keep it on his person; he also contends he left the bag in the car only because of the officer's illegal "order" that he do so. Mack's Br. 24; *see also* Body Camera Footage 5:45–6:05 (officer advising Mack that he "can just leave [his] phone and stuff right there [in the car]"). Without the allegedly illegal order, Mack argues, the marijuana would not have been in the vehicle for the officers to discover, and Mack would not have been arrested or searched incident to his arrest. We disagree.

---

[1] The district court concluded "that probable cause to arrest [Mack] would have existed after the search of the minivan and discovery of the marijuana, and therefore the firearm on [Mack's] person would have been inevitably discovered during that arrest." J. App'x 443. As Mack points out, that is not the correct legal standard for inevitable discovery, which requires that the discovery inevitably "*would have happened* had the unlawful search never occurred." *United States v. Stokes*, 733 F.3d 438, 444 (2d Cir. 2013) (quoting *United States v. Eng*, 971 F.2d 854, 861 (2d Cir. 1992)). In this case, that means that the government had to prove the existence of probable cause to arrest Mack *and* that the officers *would have actually arrested* him after they found the marijuana. Although the district court articulated this standard imprecisely, it did make the requisite factual findings that the officers had probable cause to arrest Mack and that they would have done so after discovering the marijuana, J. App'x 444, each of which is supported by the record. *See Boy Scouts of Am. v. Wyman*, 335 F.3d 80, 90 (2d Cir. 2003) ("[W]e may affirm the judgment of the district court on any ground appearing in the record.").

Although it is far from clear that advising Mack that he could leave his belongings in the car was an "order" in the first place, Mack never raised this argument in the district court. Because Mack failed to preserve this argument below, we review it only for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732–35 (1993). But the district court committed no error, plain or otherwise, by not considering an unraised argument hinging on a subtle interpretation of the record no party had urged. *Cf. Musacchio v. United States*, 136 S. Ct. 709, 718 (2016) ("[F]ailure to enforce an unraised limitations defense . . . cannot be a plain error."); *United States v. Belk*, 346 F.3d 305, 315 (2d Cir. 2003) (finding no plain error in the district court's failure to consider sua sponte a downward sentencing departure).

Moreover, even if the officer had "order[ed]" Mack to leave his belongings in the vehicle, the officer's order here was reasonable, limited, and not unlawful. An officer has indisputable authority to order a passenger to exit a vehicle that has been lawfully stopped. *Maryland v. Wilson*, 519 U.S. 408, 410 (1997). Mack must resort to arguing that passengers have a right to exit their vehicles with personal items, such as bags and cell phones, in their hands. But he cites no authority for

5

this proposition, and for good reason: "[T]raffic stops may be dangerous encounters," *id.* at 413, and "[t]he risk of harm to both the police and the [suspects] is minimized if the officers . . . exercise unquestioned command of the situation." *United States v. Weaver*, 9 F.4th 129, 143 (2d Cir. 2021) (en banc) (quoting *Michigan v. Summers*, 452 U.S. 692, 702–03 (1981)). "Thus, as part of a lawful stop, a police officer may take reasonable steps to ensure safety." *Id.* Accepting Mack's contention that this supposed order was unlawful "would call into question a host of sensible safety measures[.]" *Id.* Accordingly, we hold that the district court committed no plain error in declining to find, sua sponte, that the officer unlawfully ordered Mack to leave his possessions in the vehicle.

Mack also challenges the district court's instruction to the jury on the felon-in-possession count, which charged Mack with "knowingly" possessing a firearm despite having been previously convicted of a crime punishable by more than one year in prison. 18 U.S.C. § 922(g)(1). In *Rehaif v. United States*, the Supreme Court held that to secure a conviction on this charge, "the [g]overnment must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."

139 S. Ct. 2191, 2200 (2019). In other words, the government had to demonstrate that Mack knew he had been convicted of a prior offense that carried a prison sentence of at least one year. The district court (Larimer, *J.*) instructed the jury accordingly. Mack nevertheless requested an additional instruction that would have required the jury to find that Mack also knew it was illegal for him to possess a firearm because of his prior felony conviction. The district court declined to give the requested instruction, which Mack now claims was error. We review de novo the propriety of a jury instruction. *See United States v. Estevez*, 961 F.3d 519, 526 (2d Cir. 2020).

The district court correctly declined to give Mack's proposed jury instruction, which misstates the law. Following *Rehaif*, we expressly held that "a felon need *not* specifically know that it is illegal for him to possess a firearm under federal law" in order to be liable under sections 922(g)(1) and 924(a)(2). *United States v. Bryant*, 976 F.3d 165, 172–73 (2d Cir. 2020) (emphasis added). All of our sister circuits to address this issue have reached the same conclusion. *See United States v. Benton*, 988 F.3d 1231, 1237–39 (10th Cir. 2021); *United States v. Brown*, 845 F. App'x 1, 3 (D.C. Cir. 2021); *United States v. Singh*, 979 F.3d 697, 727–28 (9th Cir.

7

2020); *United States v. Maez*, 960 F.3d 949, 954–55 (7th Cir. 2020); *United States v. Bowens*, 938 F.3d 790, 797–98 (6th Cir. 2019). Mack claims that our analysis in *Bryant* was dicta. It was not. In affirming Bryant's conviction, we necessarily decided that knowledge that possession of the firearm was illegal was not an element of the offense. *See Bryant*, 976 F.3d at 184. Were it otherwise, we would have needed to examine the record to determine whether it supported a finding that Bryant had such knowledge, which we did not do. Our precedent thus forecloses Mack's argument.

Mack's sole remaining argument is that the district court (Larimer, *J.*) erred in admitting transcripts of the plea and sentencing proceedings from Mack's earlier conviction, a 2007 state-law conviction for attempted criminal sale of a controlled substance, even though Mack declined to stipulate to his past conviction at trial. In Mack's view, the district court should have admitted only the fact that he was convicted of an earlier crime – which is an element of the gun-possession charge – and should have excluded any details about the crime as unduly prejudicial under Rule 403. *See* Fed. R. Evid. 403. Instead, the district court permitted the jury to hear that Mack had previously admitted to knowingly

8

selling cocaine in exchange for money in August 2006. We review "a district court's decision to admit evidence . . . for abuse of discretion." *United States v. Ojudun*, 915 F.3d 875, 885 (2d Cir. 2019).

The district court did not abuse its discretion by admitting details about Mack's earlier conviction. As is common in conducting a trial that includes a section 922(g) charge as well as other counts, the district court conducted a bifurcated trial. *See United States v. Jones*, 16 F.3d 487, 492 (2d Cir. 1994) ("Courts have held that joinder of an ex-felon count with other charges requires either severance, bifurcation, or some other effective ameliorative procedure."). In such a proceeding, the jury first deliberates about all counts that do not require proof that the defendant was an ex-felon, and, following its verdict on those counts, returns to hear additional evidence on the remaining counts, including the defendant's ex-felon status, before being instructed and then directed to deliberate on the ex-felon counts.

Here, the jury deliberated and returned a guilty verdict on the drug count before being recalled to hear evidence concerning the section 922(g) felon-in-possession count. It was only then that the jury learned the charges underlying

9

the prior conviction ("an attempted criminal sale of a controlled substance in the third degree"); that it was a "C felony," which carried a maximum sentence of five-and-one-half years' imprisonment; that Mack admitted under oath to knowingly attempting to sell cocaine to another person in August 2006; and that he was in fact sentenced to three years' imprisonment.   J. App'x 1137–57.

Rule 403 does not require the exclusion of prejudicial evidence – only evidence whose "probative value is *substantially outweighed* by a danger of . . . *unfair* prejudice."   Fed. R. Evid. 403 (emphasis added).   *Rehaif* requires proof of the defendant's knowledge of his prior conviction and its potential for at least a one-year sentence, and it permits a jury to infer a defendant's "knowledge . . . from circumstantial evidence."   139 S. Ct. at 2198 (citation omitted).   The details of the prior crime, its seriousness, and the colloquy between Mack and the state court where Mack attested to understanding his conviction and its consequences thus have at least some probative value in assessing his knowledge.   And because the prior conviction involved a narcotics distribution count that was comparable to the crime for which the jury had just returned a guilty verdict, the prejudicial effect of this evidence is insignificant.

Mack cannot explain why evidence about his prior cocaine conviction, which the jury learned of only after convicting him on the marijuana possession count, was unduly prejudicial with respect to its consideration of the felon-in-possession count.[2] Mack points to no case, and we are aware of none, where the admission of prior-conviction evidence was deemed to be unduly prejudicial to the jury's deliberations on a section 922(g) charge despite a bifurcated trial. And while Mack relies heavily on *United States v. Gilliam* – in which we noted that "[e]ven if the prior conviction element of [section] 922(g)(1) is contested by the defendant, the government is still not entitled to introduce the facts relating to the prior conviction," 994 F.2d 97, 103 (2d Cir. 1993) – even that case did not involve the reversal of Gilliam's conviction. Just four years later, the Supreme Court reaffirmed that "the prosecution is entitled to prove its case by evidence of its own choice," and that "the prosecutor's choice [to admit evidence regarding past convictions] will generally survive a Rule 403 analysis" if the defendant refuses to

---

[2] Mack curiously implies that the admission of this evidence prejudiced the jury's deliberations on the marijuana-possession count, even though this evidence was not introduced until after the jury had already convicted him on that charge. *See* Mack's Br. 38 ("The nature of this prior drug sale, particularly in the face of an indicted drug crime accusation, transformed Mr. Mack in the jury's eyes from being an accused possessor of marijuana to a convicted seller of cocaine.").

stipulate to the past conviction. *Old Chief v. United States*, 519 U.S. 172, 186, 192 (1997).

On the record before us, we see no basis for concluding that the district court abused its discretion by admitting certain underlying details of Mack's prior conviction in the second phase of a bifurcated trial.

\* \* \*

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court