**UNITED STATES of America,**

v.

**Roman NEKTALOV, Defendant.**

**No. S203CR.828(PKL).**

United States District Court, S.D. New York.

July 14, 2004.

Daniel R. Margolis, United States Attorney, Southern District of New York, New York City, for Plaintiff.

Anthony V. Lombardino, Richmond Hill, NY, Lawrence F. Ruggiero, Christopher E. Chang, New York City, for Defendant.

## MEMORANDUM ORDER

LEISURE, District Judge.

Defendant Roman Nektalov ("Nektalov") is on trial for conspiring to violate the money laundering sections of the United States Code and with four substantive money laundering offenses. The Government alleges that Nektalov accepted cash payments in exchange for diamonds and gold from an undercover agent ("UC") and cooperating witness ("CW") who represented to Nektalov that the purpose of the transactions was to launder money for Colombian drug dealers. Specifically, the indictment charges that, from in or about April 2001 through June 4, 2003, Nektalov conspired with an unnamed coconspirator to violate 18 U.S.C. § 1956(a)(3)(A) and (B) and that Nektalov, in fact, engaged in several money laundering transactions in violation of 18 U.S.C. § 1956(a)(3)(A)-(C).[1] Defendant's trial began on July 12, 2004.

### Background

At a pre-trial conference held on June 29, 2004, counsel for defendant indicated that the Government would likely seek to introduce testimony from the CW regarding prior transactions, similar to those alleged in the indictment, between Nektalov and the CW that took place prior to the commencement of the charged conspiracy. Defendant argued that this testimony would constitute impermissible character or propensity evidence under Fed.R.Evid. 404(b). The Government countered that the testimony in question would be admissible as direct evidence of the charged conspiracy, relevant to show the background of the charged conspiracy, as well as the origin and development of the relationship between Nektalov and the CW, and therefore outside the scope of Rule 404(b). The Government indicated, however, that it would provide a letter to the Court and the defendant offering a more detailed description of the proposed testimony.

In a letter to the Court dated July 7, 2004, the Government provided such a description and further developed its argument for admitting the proposed testimony into evidence. The Government seeks to introduce testimony that the CW, a merchant in Manhattan's diamond district, was approached by a narcotics dealer in 1998 and asked to buy kilogram quantities of gold using cash narcotics proceeds. Although the CW was not specifically told that the cash was from the sale of narcotics, he was able to make this determination based on the fact that he was given thousands of dollars in small denominations to buy gold. The CW is expected to testify, *inter alia,* that he subsequently exchanged the drug proceeds for gold with the defendant and that on numerous occasions between 1998 and 2001 he engaged in similar transactions with the defendant using narcotics proceeds from various narcotics dealers. The government now seeks to admit this testimony not only as direct proof of the charged conspiracy, necessary to show its background and to establish the origin and development of the relationship between the defendant and the CW, but also as "other act" evidence under Rule 404(b) to show knowledge and intent.

The defendant was given an opportunity to respond to the Government's letter on July 12, 2004, prior to the commencement of jury selection. Defendant now objects

---

1. The indictment also charges defendant with violating 18 U.S.C. § 2, which renders one who aids, abets or willfully causes an offense liable as a principle.

that the proffered testimony should not be admitted as direct evidence of the charged conspiracy, and further that the Government has not made an adequate showing regarding the nature of the prior transactions for the testimony to be admitted under Rule 404(b).

### *Discussion*

■ It is well established in the Second Circuit that "evidence of uncharged criminal activity is not considered other crimes evidence under Fed.R.Evid. 404(b) if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir.2000) (quoting *United States v. Gonzalez*, 110 F.3d 936, 942 (2d Cir.1997)). Because the proffered testimony relates to similar transactions with the same CW prior to the charged conspiracy, there is a strong argument that the evidence arises from the same series of transactions as, and is necessary to complete the story of, the charged conduct. *Compare Gonzalez*, 110 F.3d at 941–42 (where defendants were charged with firearms offenses resulting from an armed encounter with a police officer, evidence that defendants attempted to burglarize a house in the same neighborhood just prior to encountering the police officer admissible to show motive and background); *United States v. Towne*, 870 F.2d 880, 886 (2d Cir.1989) (Pierce, J.) (finding that defendant's possession of a handgun on days other than the single date specifically charged in the indictment was not "other crimes" evidence within the meaning of 404(b) because the "continuous possession of the same gun does not amount to a series of crimes, but rather constitutes a single offense"); *United States v. Chen Xiang*, No. S1 02 Cr. 271(RCC), 2003 WL 21180400 at *3 (S.D.N.Y. May 20, 2003) (Casey, J.) (prior robberies similar to charged conduct that were either first criminal acts engaged in by defendants with cooperating witnesses or robberies that immediately preceded charged robberies and conspiracy held admissible to show background); *with United States v. Levy*, 731 F.2d 997, 1001–1004 (2d Cir. 1984) (finding trial court erred in admitting evidence of an uncharged sale of heroin by defendant, which occurred the same day as the charged sale, as intrinsic evidence without conducting a 404(b) analysis); *United States v. Newton*, No. S1 01 Cr. 635(CSH), 2002 WL 230964 at *2–3 (S.D.N.Y. Feb. 14, 2002) (Haight, J.) (prior false visa referrals issued by defendant DEA agent had no direct involvement or crucial connection to the charged false referrals and therefore would be considered under "other acts" analysis of Rule 404(b)).

■ Nevertheless, the Court is hesitant to find that the 1998–2001 transactions are "intrinsic" or direct evidence of the charged conspiracy. While they are certainly relevant to show the background of the charged conspiracy, they do not appear to be "inexorably intertwined." Furthermore, given that the transactions took place as early as three years prior to the charged conspiracy and appear to involve a series of distinct cash for gold transactions, the Court would be hard pressed to find these transactions *necessary* to complete the story of the charged conspiracy or that they were part of a series of transactions intrinsic to the charged conduct. Moreover, the Court is wary that such an approach would gloss over defendant's legitimate concern that the jury might view the prior transactions as evidence of his propensity to engage in illegal money laundering transactions.

Of course, this is precisely the concern addressed by Rule 404(b). That rule provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

▆▆▆ The Second Circuit follows an "inclusionary" approach to the Rule, admitting evidence of prior crimes, wrongs or acts "unless it is introduced for the sole purpose of showing the defendant's bad character, or unless it is overly prejudicial under Fed.R.Evid. 403 or not relevant under Fed.R.Evid. 402." *United States v. Pascarella,* 84 F.3d 61, 69 (2d Cir.1996); *United States v. Brennan,* 798 F.2d 581, 589 (2d Cir.1986). The Court need not make a preliminary finding by a preponderance of the evidence under Rule 104(a) that the other act occurred before admitting such evidence at trial. *Huddleston v. United States,* 485 U.S. 681, 687–90, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988). Rather, the Court should "examine[ ] all the evidence in the case and decide[ ] whether the jury could reasonably find [that the other act was committed] by a preponderance of the evidence." *Id.* at 690, 108 S.Ct. 1496.

In applying the Rule 404(b) analysis, the Second Circuit has noted, " 'evidence that does not directly establish an element of the offense charged [is admissible] in order to provide background for the events involved in the case.' In particular, evidence of other bad acts may be admitted to provide the jury with the complete story of the crimes charged by demonstrating the context of certain events relevant to the charged offense." *United States v. Inserra,* 34 F.3d 83, 89 (2d Cir.1994) (quoting *United States v. Skowronski,* 968 F.2d 242, 246 (2d Cir.1992)). Likewise, "[w]here a defendant claims that his conduct has an innocent explanation, prior act evidence is

generally admissible to prove that the defendant acted with the state of mind necessary to commit the offense charged." *United States v. Zackson,* 12 F.3d 1178, 1182 (2d Cir.1993).

The Second Circuit has afforded significant leeway regarding such evidence in conspiracy cases. *See United States v. Williams,* 205 F.3d 23, 33 (2d Cir.2000) (McLaughlin, J.) (finding evidence of defendant's prior criminal conduct admissible under 404(b) because it was relevant "to inform the jury of the background of the charged conspiracy, to complete the story of the crimes charged, and to help explain to the jury how the illegal relationship between the participants in the crime developed"); *United States v. Rosa,* 11 F.3d 315, 334 (2d Cir.1993) (affirming the admission of prior act evidence offered to show the jury how the illegal relationship between the defendant a cooperating witness had developed); *United States v. Roldan–Zapata,* 916 F.2d 795, 804 (2d Cir. 1990) (affirming decision to admit evidence of the pre-existing drug trafficking relationship because it furthered "the jury's understanding of how the instant transaction came about and [the defendant's and others'] role in it"). In fact, the Second Circuit has "held repeatedly that it is within the court's discretion to admit evidence of prior acts to inform the jury of the background of the conspiracy charged, in order to help explain how the illegal relationship between participants in the crime developed, or to explain the mutual trust that existed between coconspirators." *Rosa,* 11 F.3d at 334; *see United States v. Langford,* 990 F.2d 65, 70 (2d Cir.1993) (Kearse, J.) ("It is within the court's discretion to admit evidence of acts committed prior to the time charged in the indictment to prove the existence of the alleged conspiracy as well as to show its background and history."); *United States v. Pitre,* 960 F.2d 1112, 1119 (2d Cir.1992);

*United States v. Brennan,* 798 F.2d 581, 589–90 (2d Cir.1986).

 Notably, focusing on whether or not the evidence in question qualifies as "other act" evidence, to a certain extent, exalts form over substance. Both the "intrinsic evidence" approach outlined above and the "other act" analysis under Rule 404(b) require the Court to balance probative value and prejudice under Rules 402 and 403. Furthermore, evidence of an intrinsic act offered as direct proof of the crime charged will, by definition, satisfy Rule 404(b), which prohibits bad acts evidence only where offered solely to "prove the character of a person in order to show action in conformity therewith." *See United States v. Bowie,* 232 F.3d 923, 927 (D.C.Cir.2000). Indeed, the only practical result of admitting evidence as intrinsic to the charged crime rather than under Rule 404(b) is that the Government escapes 404(b)'s notice requirement and the Court need not give a limiting instruction cautioning the jury against making an improper inference of criminal propensity. *Id.* at 928; *see generally,* Stephen A. Saltzburg, Michael M. Martin & Daniel J. Capra, Federal Rules of Evidence Manual § 404.02(11) (8th ed.2002). Accordingly, where it is not manifestly clear that the evidence in question is intrinsic proof of the charged crime, the proper course is to proceed under Rule 404(b).

██ Here, the testimony in question is offered for a permissible purpose and is relevant to show the background of the charged conspiracy and the relationship between Nektalov and the CW, as well as the defendant's knowledge and intent with respect to the charged offenses.[2] Further-

more, given that the prior transactions are substantial similar to, and not particularly inflammatory in light of, the charged conduct there is little danger of unfair prejudice to the defendant. Finally, because the defendant has repeatedly indicated that he will present a defense that the charged conduct in this case has a non-criminal explanation, and indeed, has indicated that he will present evidence that his 1998–2001 dealings with the CW were innocent business transactions, there is no need to foreclose the Government's introduction of 404(b) evidence until its rebuttal case.

As noted above, defendant also argues that the Government has not made an adequate showing of the factual basis on which the relevance of the CW's testimony is predicated. On the present record, however, it appears the Government will meet its burden under *Huddleston* of presenting facts that would allow a *reasonable jury* to conclude by a preponderance of the evidence that the prior transactions occurred as described by the CW. The Court finds, therefore, that the proffered testimony is admissible under Rule 404(b) subject to the introduction of evidence sufficient to support such a finding. *See Huddleston,* 485 U.S. at 689–90, 108 S.Ct. 1496. The Court will give the jury the limiting instruction discussed and approved by both sides on the record July 12, 2004, both when this testimony is offered and in the final charge.

### Conclusion

Subject to the unfolding of events at trial, the CW testimony proffered by the Government shall be admitted under Rule

---

**2.** Defendant has also suggested that allowing this evidence of prior acts might result in an impermissible constructive amendment of the indictment. It is well-settled that background evidence properly admitted as intrinsic evidence and other act evidence admitted under

Rule 404(b) do not support such an argument, especially where the district court properly instructs the jury. *See United States v. Coyne,* 4 F.3d 100, 112–13 (2d Cir.1993); *United States v. Shkolir,* 17 F.Supp.2d 263, 269–70 (S.D.N.Y.1998).

404(b) subject to the limiting instruction approved by the parties.

**SO ORDERED**