**UNITED STATES OF AMERICA,**

v.

**Jose CRUZ, Defendant.**

**No. 03 CR. 0967(VM).**

United States District Court,
S.D. New York.

Nov. 8, 2004.

Steven M. Statsinger, Federal Defender Div., Legal Aid Soc., New York, NY, for Defendant, Jose Cruz.

Tanya Miller U.S. Attorney, New York, NY, for U.S.

## DECISION AND ORDER

MARRERO, District Judge.

Defendant Jose Cruz ("Cruz") was charged in a one-count indictment with

possession of a weapon after having been convicted in any court of a crime punishable for a term of at least one year, in violation of 18 U.S.C. § 922(g)(1) (the "felon-in-possession statute"). Trial on this matter has been scheduled to commence on November 15, 2004. The parties have filed several pre-trial motions *in limine* seeking to admit or exclude certain evidence at trial. The Court considers each of the motions below.[1]

## I. BACKGROUND

On April 24, 2003, while driving in Bronx County, New York, Cruz was stopped by two officers of the New York City Police Department (the "NYPD Officers") for apparent traffic violations. During the stop, the NYPD Officers placed Cruz under arrest after seizing a Panther Model 103 Tazer Stun Gun (the "stun gun") from inside Cruz's vehicle.[2] A subsequent inventory search of the vehicle yielded a ski mask and a loaded 9mm handgun. Cruz was also later found to be in possession of a handcuff key which he carried with other keys on his keychain.

In connection with his arrest, Cruz was interviewed on April 25, 2003 by an Assistant District Attorney for Bronx County. This interview was recorded on videotape. On that occasion, Cruz allegedly discussed two previous arrests for armed robbery. In the first incident, Cruz, then sixteen years old, was arrested along with three other individuals on December 28, 1994 for armed robbery after taking money from the victim while one of the offenders displayed a handgun. Cruz pleaded guilty to robbery in the first degree[3] on September 20, 1995, was adjudicated a Youthful Offender, and was sentenced to serve sixteen months to four years in prison. On September 25, 1995, Cruz was arrested for a second time after he and a companion committed an armed robbery of a cab driver. Cruz again pleaded guilty to robbery in the first degree, and was sentenced to three to nine years in prison. In neither of these cases was Cruz alleged to have been the robber who displayed the firearm.

Based on the seizure of the 9mm handgun from Cruz's van and evidence of his prior convictions, a federal grand jury returned a one count indictment against Cruz for a violation of the felon-in-possession statute.

Cruz previously filed a motion to suppress the physical evidence seized from his vehicle, arguing that the evidence was obtained as a result of an unconstitutional search of the vehicle. This Court denied Cruz's previous motion after a suppression hearing. *See United States v. Cruz*, 314 F.Supp.2d 321 (S.D.N.Y.2004).

The Government has stated that at trial it will seek to introduce several pieces of physical evidence recovered from Cruz's vehicle, including the stun gun, ski mask and handcuff key; evidence concerning Cruz's prior arrests for robbery in the first degree for the purpose of establishing Cruz's knowledge of, and intent and mo-

---

1. The parties filed their respective motions in letter briefs to the Court. The Court has considered the following submissions in ruling on the parties' motions: Government's letter dated October 22, 2004; Defendant's Motions *In Limine*, dated October 22, 2004; and Government's letter dated November 1, 2004. Except where specifically referenced, no further citation to these sources will be made.

2. Under New York law, it is unlawful to possess a stun gun. *See* N.Y. Penal Law § 265.01(1) (2004).

3. The robbery was classified as in the first degree because Cruz's associate had displayed a firearm during the conduct of the robbery.

tive for, possessing the 9mm handgun;[4] and Cruz's videotaped statement.

Cruz challenges the admission of the stun gun, ski mask and handcuff key on the bases that: (1) the evidence is irrelevant under Fed.R.Evid. 404(b), and (2), even if relevant, the probative value of this evidence is substantially outweighed by its prejudicial effect, as Fed.R.Evid. 403 provides. Cruz contests the admission of his prior convictions for armed robbery on the grounds that: (1) the Government lacks admissible evidence to establish proof of these prior convictions, (2) the prior convictions are not sufficiently similar to the charged conduct and are thus irrelevant to proving either knowledge or intent, (3) the convictions are irrelevant due to their having occurred eight and nine years prior to the conduct with which he is now charged, and (4) that the probative value of this evidence is substantially outweighed by its prejudicial effect.

Cruz also challenges the admissibility of his prior convictions for impeachment purposes, should Cruz take the stand. Finally, Cruz requests that the elements of the felon-in-possession statute be bifurcated.[5]

## II. *DISCUSSION*

### A. *EVIDENTIARY CHALLENGES UNDER RULES 403 AND 404(B)*

"All relevant evidence is admissible." Fed.R.Evid. 402. Fed.R.Evid. 401 defines "relevant evidence" as evidence "having any tendency to make the existence of any fact that is of consequence to the determi-

nation of the action more probable." Even relevant evidence, however, "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403 ("Rule 403").

■ Evidence of a defendant's other crimes or actions is subject to additional limitations on its admissibility. Such evidence of "other crimes, wrongs, or acts" cannot be admitted for the purpose of proving a defendant's criminal propensity, but may be admitted "for other purposes, such as proof of motive, opportunity, intent, ... [or] knowledge." Fed.R.Evid. 404(b) ("Rule 404(b)"). The Second Circuit follows an "inclusionary" approach to evidence of "other crimes, wrongs, or acts." Under that doctrine, such evidence is admissible "unless it is introduced for the sole purpose of showing the defendant's bad character, or unless it is overly prejudicial under Fed.R.Evid. 403 or not relevant under Fed.R.Evid. 402." *United States v. Pascarella*, 84 F.3d 61, 69 (2d Cir.1996) (internal citations omitted); *United States v. Inserra*, 34 F.3d 83, 89 (2d Cir.1994) (noting that Rule 404(b) evidence is admissible under the inclusionary rule "for any purpose other than to show a defendant's criminal propensity," subject to its relevance and the Rule 403 balancing test). In light of these principles, the Court considers Cruz's objections to the admission of the Government's proffered physical evidence unpersuasive, but finds that substantive evidence of the facts underlying Cruz's prior convictions may not be presented by the Government.

---

**4.** The Government noted in its letter dated October 22, 2004, at 11 n. 5, that it does not at present seek the admission of several other arrests of Cruz that it has identified. The Court, therefore, did not consider the admissibility of those prior arrests in this decision, and reserves decision on the admissibility of those arrests until such time as they are offered into evidence.

**5.** Although Cruz raises an additional challenge in his motion *in limine* as to the admissibility of the testimony of the Government's fingerprint expert, at a pretrial conference held on November 5, 2004 Cruz withdrew and objection to the admission of the testimony.

1. *Admissibility of the Physical Evidence*

██ " '[E]vidence of uncharged criminal activity is not considered other crimes evidence under Fed.R.Evid. 404(b) if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial.' " *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir.2000) (quoting *United States v. Gonzalez*, 110 F.3d 936, 942 (2d Cir.1997)). The ski mask, stun gun and handcuff key are admissible, and are not subject to the limitations of Rule 404(b), because they are inextricably intertwined with the recovery of the firearm at issue in this case, and constitute evidence necessary to complete the story of the crime. It was the sighting of the stun gun by the officers that led to the search that recovered the firearm. The handcuff key was on Cruz's person at the time of his arrest, and the ski mask was located in the compartment from which the firearm was recovered. Without the admission of this evidence, the jury would not receive a complete picture of the events surrounding the discovery of the firearm.

██ Even if the Court considered this evidence inadmissible under Rule 404(b), the evidence would still be admissible under the "inclusionary" approach. A rational factfinder may reasonably infer that the stun gun, handcuff key and ski mask would tend to establish that Cruz had knowledge of, and intent or motive to possess, the firearm located within his vehicle. *See, e.g., United States v. Brown*, 961 F.2d 1039, 1042 (2d Cir.1992) (upholding the admission of other firearms that were present in defendant's apartment and vehicle to establish defendant's knowledge of the presence of an Uzi in defendant's apartment); *see also United States v. Hat-field*, 815 F.2d 1068, 1072–73 (6th Cir.1987) (upholding the admission of burglary tools and police scanners found in defendant's van as probative evidence of defendant's knowledge of presence of gun in the van). In particular, the fact that the ski mask, which Cruz claimed to use in his employment as a parking lot attendant, was located in the same compartment as the firearm underlying the charge in this case makes that evidence sufficiently relevant proof as to the issues of knowledge of and intent to possess the weapon.

██ Finally, any prejudicial effect created by the admission of the ski mask, stun gun and handcuff key does not substantially outweigh the great probative value of this evidence. *See Pascarella*, 84 F.3d at 69; *Hatfield*, 815 F.2d at 1073 ("[A]lthough the burglary evidence was likely prejudicial to Hatfield, as Rule 404(b) evidence usually is, Hatfield has failed to demonstrate that the probative value of the burglary evidence was *substantially* outweighed by the prejudicial effect." (emphasis in original)). The limited purpose for which this evidence will be admitted, to show Cruz's knowledge, intent or motive for possessing the firearm at issue, will be emphasized through limiting instructions to the jury where necessary. The issuance of such instructions should serve to reduce any risk of unfair prejudice from the admission of this evidence. *United States v. Ebner*, 782 F.2d 1120, 1126 (2d Cir.1986) ("[L]imiting instructions are an accepted part of our present trial system, and consequently there is a presumption that juries will follow them." (internal citations, quotations and alterations omitted)).

Given that Cruz has disputed having knowledge of the presence of the firearm, contending previously that the firearm may have been left in the compartment by another individual who borrowed Cruz's

van, and that this evidence serves as background to the charged crime, the Government may introduce this evidence in its case-in-chief. *See United States v. Zackson,* 12 F.3d 1178, 1183 (2d Cir.1993) (affirming the admission of Rule 404(b) evidence to rebut defendant's innocent explanation negating intent in its case-in-chief because (1) defendant raised the issue of intent in his opening statement and (2) the evidence served as background to the charged criminal activity); *United States v. Nektalov,* 325 F.Supp.2d 367, 372 (S.D.N.Y.2004).

### 2. *Evidence of Prior Convictions*

■ Although Rule 404(b), as interpreted under the "inclusionary" rule, allows for the admission of prior crimes committed by the defendant for any purpose other than to show the defendant's criminal propensity, the admission of the evidence is subject to two additional limitations. First, "evidence of another act should not be admitted to show knowledge unless the other act is 'sufficiently similar to the conduct at issue to permit the jury reasonably to draw from that act the knowledge inference advocated by the proponent of the evidence.' " *United States v. Affjehei,* 869 F.2d 670, 674 (2d Cir.1989) (quoting *United States v. Peterson,* 808 F.2d 969, 974 (2d Cir.1987)). " 'Similarity, being a matter of relevancy, is judged by the degree in which the prior act approaches near identity with the elements of the offense charged.' " *United States v. Aminy,* 15 F.3d 258, 260 (2d Cir.1994) (quoting *United States v. Kasouris,* 474 F.2d 689, 692 (5th Cir.1973)). Second, such evidence is subject to Rule 403's requirement that the prejudicial effect of the admission of the prior acts not substantially outweigh the probative value of the acts

to prove knowledge, motive or some other purpose. *Affjehei,* 869 F.2d at 674–75; *see* Fed.R.Evid. 403.

■ The Government seeks to introduce evidence concerning the facts and particulars underlying Cruz's arrests from December 28, 1994 and September 25, 1995 for robbery in the first degree as evidence of Cruz's knowledge, intent and motive for possessing, and his opportunity and ability to obtain, a firearm in April of 2003. Even if these prior arrests were considered marginally probative as to these purposes, the Court is not persuaded that the prior arrests for armed robbery are sufficiently similar to the elements of the offense at issue in this case to justify their admission. Furthermore, the prejudicial effect of the admission of the facts underlying the prior arrests substantially outweighs their marginal probative value as proof of knowledge, motive or intent to possess a firearm. The facts underlying the two armed robbery convictions are certainly "more sensational or disturbing" than the crimes with which Cruz is charged. *United States v. Roldan–Zapata,* 916 F.2d 795, 804 (2d Cir.1990). Particularly given the presence of the ski mask, stun gun and firearm in Cruz's van, as well as the handcuff key on his person, the jury is most likely to unfairly assume that because Cruz previously pleaded guilty to armed robbery, he is a habitual armed robber, and that the gun may have been intended for use in connection with the commission of other armed robberies. This is exactly the kind of character assessment Rule 403 is designed to prevent. The Government, therefore, may not present substantive evidence of the facts underlying Cruz's prior convictions for armed robbery in its case-in-chief.[6]

---

**6.** Clearly, the Government must be allowed to admit the fact of Cruz's felony convictions to make out the elements of the felon-in-possession statute, for example, through the admis-

■ The Government also may not offer the prior convictions as evidence to rebut any evidence or claim, including cross-examination of Government witnesses and opening and closing arguments, that Cruz lacked the requisite knowledge, intent or motive to commit the charged crime. As stated above, the prior convictions for armed robbery are not sufficiently similar to the charged conduct to be relevant to those issues. Additionally, the facts underlying the prior convictions unfairly prejudice Cruz, substantially outweighing any probative value that the convictions might have as to the issues of his knowledge, motive or intent to possess the 9mm handgun.

### 3. *Admissibility of the Post–Arrest Statement*

The Government seeks the admission of the videotaped statement that Cruz made on April 25, 2003, apparently offering that evidence for the purpose of establishing Cruz's commission of the two prior armed robberies as proof of Cruz's knowledge, motive and intent to possess the 9mm handgun. As the Court has found that, beyond the record of convictions appropriate to establish an element of the crime charged, substantive evidence of the facts underlying the prior convictions is not admissible, *see supra* Part II.A.2, that portion of the videotaped statement that relates to the prior convictions is also not admissible. Any other portion of the videotape that the Government seeks to admit, however, would be admissible under Fed.R.Evid. 801(d)(2)(A). *United States v. Russo*, 302 F.3d 37, 43 (2d Cir.2002)

("Statements made by the defendant may be introduced by the government in a criminal trial to prove the truth of the facts stated in them because they are admissions of an adverse party.").

### B. *ADMISSIBILITY OF THE EVIDENCE OF PRIOR CONVICTIONS FOR IMPEACHMENT UNDER RULE 609*

■ Cruz moves to prevent the Government from using evidence of the January 10, 1996 conviction for robbery in the first degree [7] to impeach him on cross-examination should he take the stand at trial. Fed.R.Evid. 609 permits the Government to admit evidence of an accused's prior convictions to impeach him "if the court determines that the probative value of admitting [the] evidence outweighs its prejudicial effect to the accused" and less than ten years have elapsed since the date of the accused's conviction. Fed.R.Evid. 609(a)(2), (b). First, the conviction occurred within the last ten years, on January 10, 1996. Second, Cruz's decision to take the stand will place his credibility at issue, and his prior convictions for robbery in the first degree are probative as to the issue of his credibility. *See United States v. Oliver*, 626 F.2d 254, 264 (2d Cir.1980); *United States v. Stevens*, No. S1 03 Cr. 669, 2004 WL 2002978, at *3 (S.D.N.Y. Sept.7, 2004) ("Robberies by their very nature involve dishonesty and thus have an impact on the integrity and credibility of a witness."). While there is some prejudicial effect to admitting such evidence for impeachment, its probative value as to Cruz's credibility outweighs that prejudice. Ad-

---

sion of a certified copy of a judgment of conviction. Cruz may stipulate to the fact of the convictions, however, should he choose to further limit the prejudicial impact of the fact of his prior convictions. *See United States v. Belk*, 346 F.3d 305, 311 (2d Cir.2003); *United*

*States v. Gilliam*, 994 F.2d 97, 103 (2d Cir. 1993).

**7.** The Government does not argue for the admission of the September 20, 1995 Youthful Offender conviction for robbery in the first degree for the purpose of impeachment.

ditionally, the Court can issue a limiting instruction to the jury to ensure that it only considers such evidence for the purpose of evaluating Cruz's credibility.

### C. BIFURCATION OF THE EX–FEL-ON ELEMENT OF THE CRIME

█ Cruz requests that the ex-felon element of the charged offense be bifurcated from the element of possession of a firearm to avoid any undue prejudice that the fact of his being a felon might have on the jury's consideration of whether he possessed the firearm. Although the Second Circuit has flatly barred a district court from removing "the element of a prior felony conviction entirely from the jury's consideration by accepting a defendant's stipulation to that element," *United States v. Chevere*, 368 F.3d 120, 122 (2d Cir.2004), it has not foreclosed on the possibility of bifurcating the elements of a felon-in-possession charge under 18 U.S.C. § 922(g)(1). The Circuit Court has cautioned, however, "that it would be an extraordinarily unusual case in which bifurcation of the elements of a charge under § 922(g)(1) could possibly be appropriate." *United States v. Belk*, 346 F.3d 305, 311 (2d Cir.2003). Cruz has not shown how the case at hand presents such an "extraordinarily unusual case" to warrant bifurcation, and the Court has not found any bases for such a ruling. Therefore, Cruz's motion for bifurcation is denied.

### III. ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the motion of defendant Jose Cruz ("Cruz") to exclude the ski mask, stun gun and handcuff key recovered from the van and his person on April 24, 2003 is DENIED; and it is further

**ORDERED** that the motion of Cruz to exclude evidence of his prior convictions on September 20, 1995 and January 10, 1996 for robbery in the first degree from the Government's case-in-chief or in rebuttal, other than in the context of impeachment, is GRANTED; and it is further

**ORDERED** that motion of the Government to admit evidence of Cruz's videotaped statement is GRANTED, provided that evidence on the videotape of remarks concerning Cruz's prior convictions for armed robbery will not be admitted; and it is further

**ORDERED** that the motion of the Government to admit evidence concerning Cruz's January 10, 1996 conviction for armed robbery for the purpose of impeachment of Cruz, should Cruz take the stand at trial, is GRANTED; and it is further

**ORDERED** that the motion of Cruz to bifurcate the ex-felon element of the charged offense from the element of possession of a firearm is DENIED.

**SO ORDERED.**