**UNITED STATES of America,**
**Appellee,**

v.

**Jamal SCOTT, Defendant–Appellant.**

**No. 08–5156–cr.**

United States Court of Appeals,
Second Circuit.

Oct. 1, 2009.

Joel S. Cohen, New York, NY, for Defendant–Appellant.

Licha M. Nyiendo, Assistant United States Attorney (Elizabeth J. Kramer, Assistant United States Attorney, on the brief) for Benton J. Campbell, United States Attorney, for Appellee.

PRESENT: JON O. NEWMAN, B.D. PARKER, and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Jamal Scott appeals from a judgment of conviction entered in the United States District Court for the Eastern District of New York (Townes, *J.*). Scott was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced principally to imprisonment for 100 months. We assume the parties' familiarity with the underlying facts and procedural history of this case, as well as the issues on appeal.

█ Scott first alleges that a government witness perjured himself when testifying to his understanding of the New York Police Department's policy on fingerprinting firearms. To obtain relief on this ground, Scott must comply with Federal Rule of Criminal Procedure 33(b) and establish, *inter alia,* that "the evidence demonstrates that a witness in fact committed perjury." *United States v. Middlemiss,* 217 F.3d 112, 122 (2d Cir.2000); *see also United States v. White,* 972 F.2d 16, 20 (2d Cir.1992). Because Scott neither complied with the Rule nor established that the witness knowingly gave false testimony about a New York Police Department policy, this argument fails.

█ Scott also contends that the government violated his Fifth Amendment privilege against self-incrimination when, with reference to a time after Scott was arrested and before he was read his *Miranda* warnings, the government attorney asked a government witness whether "the defendant state[d] anything to you as to whether he knowingly possessed a gun," and the witness answered "No." (App.25–26.) As the government concedes, eliciting such testimony was improper. In *United States v. Nunez–Rios,* 622 F.2d 1093, 1100–01 (2d Cir.1980), we held such an error to be harmless where the trial court gave a curative instruction when one was requested, and where the evidence of guilt was otherwise substantial. Here, the district court issued a curative instruction requiring that the jurors disregard the improper testimony which we presume the jury followed. *See United States v. Elfgeeh,* 515 F.3d 100, 127 (2d Cir.2008). Given that the government did not comment on the witness's improper testimony for the remainder of the trial, the improper testimony itself was brief, and the government's case was otherwise substantial, we conclude any error was harmless.

█ Next, Scott claims the district court abused its discretion by dismissing a juror who requested to be excused for illness after jury deliberations had begun, and permitting the remaining jurors to continue to deliberate. Federal Rule of Criminal Procedure 23(b) permits a court to excuse one juror and send the other jurors back to deliberate if the court has "good cause." The circumstances under which a juror should be excused are entrusted to the sound discretion of the court, so long as

the trial court had "sufficient information to make an informed decision." *United States v. Reese,* 33 F.3d 166, 173 (2d Cir. 1994). Here, the district court concluded that the brief (one-day) duration of the trial and the time that the juror requested to recuperate (four days) indicated that the juror should be excused. We see no error, and no abuse of discretion.

We have considered the remainder of Scott's contentions, including the claims raised in Scott's supplemental *pro se* brief, and find them to be without merit.

## CONCLUSION

For the foregoing reasons, the judgment of conviction is AFFIRMED.