**In re UNITED STATES of America, Petitioner.**

**UNITED STATES of America,**

v.

**Massood SAYEEDI, Defendant.**

**No. 1390, Docket 90–3023.**

United States Court of Appeals, Second Circuit.

Submitted April 11, 1990.

Decided May 4, 1990.

Emily Berger, Asst. U.S. Atty., E.D. N.Y., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty., E.D.N.Y., David C. James, Asst. U.S. Atty., of counsel), for petitioner.

Chris P. Termini, Huntington, N.Y., for respondent.

Before LUMBARD, FRIEDMAN,* and MAHONEY, Circuit Judges.

LUMBARD, Circuit Judge:

This mandamus petition poses the question whether a Federal Magistrate may preside over jury selection in a felony trial when the defendant consents but the Government objects. We hold that a Magistrate may not preside in such a case and direct the issuance of the writ.

On October 3, 1989, Massood Sayeedi was indicted on seven counts of Medicaid fraud under 42 U.S.C. § 1320a–7b(b)(1)(B) (Supp. V 1987). *See United States v. Sayeedi,* No. 89 Cr. 00665 (LDW). Judge Leonard D. Wexler, to whom the case was assigned, scheduled jury selection for April 2 before a Magistrate. Sayeedi consented to this order, but, on March 28, the Government objected. On March 29, Judge Wexler heard the Government and took the issue under advisement until April 2, when, relying on *United States v. Musacchia and Gambino,* 900 F.2d 493 (2d Cir.1990), he ordered that jury selection proceed before a Magistrate. However, he stayed the order until April 12, provided the Government file a mandamus petition in this court on April 2 or 3, which the Government did on April 2.

On April 12, pursuant to Fed.R.App.P. 21(b), we ordered respondents to file an answer by April 23 and briefs by April 30. We also stayed jury selection pending our determination of the petition.

On April 23, Judge Wexler filed papers stating that he declined to appear before us but noting that his "interpretation of *Musacchia* is that juries, with consent of the defendant, may be selected by the Magis-

trate." In a letter dated April 18, 1990, Sayeedi's counsel, in view of Judge Wexler's statement that the controversy involved the district court and not Sayeedi, declined to file papers concerning the petition.

■ In order to obtain a writ of mandamus, the petitioner must show (1) the presence of a novel and significant question of law; (2) the inadequacy of other available remedies; and (3) the presence of a legal issue whose resolution will aid in the administration of justice. *In re von Bulow,* 828 F.2d 94, 97–100 (2d Cir.1987).

We have authority to grant the writ in this case. First, the two leading cases concerning jury selection before a Magistrate, *Gomez v. United States,* — U.S. ——, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989), and *Musacchia, supra,* left unanswered the question whether a Magistrate may preside over jury selection in a felony trial when the defendant consents but the Government objects. These two cases leave little doubt that the scope of a Magistrate's authority is a significant issue in federal criminal litigation. Second, mandamus is the only means by which the Government can obtain review of Judge Wexler's decision. After a trial, the Government will not be able to appeal on this ground, whether Sayeedi is convicted or acquitted. Third, the question of the Government's standing to object to jury selection before a Magistrate has arisen in another criminal case in this circuit and is certain to arise again. The issue should be determined without delay. Accordingly, the three *von Bulow* criteria are satisfied.

■ Turning to the merits, we grant the writ of mandamus and hold that a Magistrate may not preside over jury selection in the trial of Massood Sayeedi over the Government's objection.

*Gomez,* as interpreted in *Musacchia,* held that a Magistrate may not preside at the selection of a jury without the consent

* Daniel M. Friedman, United States Court of Appeals for the Federal Circuit, sitting by designa-

tion.

of the defendant. The *Gomez* Court addressed the question whether "presiding at the selection of a jury in a felony trial without the defendant's consent is among [the] 'additional duties' " that a Magistrate may perform under section 636(b)(3) of the Federal Magistrates Act, 28 U.S.C. §§ 631–39 (1988). *Gomez*, 109 S.Ct. at 2239. The Court concluded that jury selection is not among those "additional duties." *Id.* at 2245–47. In *Musacchia*, at 502, rejecting arguments that *Gomez* absolutely barred Magistrates from presiding over jury selection, we interpreted the "consent" language in *Gomez*, quoted above, to permit a Magistrate to preside over jury selection in a felony trial if the defendant either consents or waives objection. The Government now asserts the same right to object that defendants enjoy under *Gomez* and *Musacchia*.

A long line of Supreme Court cases, holding that a criminal defendant in federal court may not effectively waive the right to jury trial without the Government's consent, necessarily establishes that the Government has a cognizable interest in whether the case is tried by a jury. In *Patton v. United States*, 281 U.S. 276, 312, 50 S.Ct. 253, 263, 74 L.Ed. 854 (1930), the Court, holding that a criminal defendant in federal court may waive trial by a jury of twelve, stated that neither the trial court nor the Government is bound by such a waiver:

> Trial by jury is the normal and, with occasional exceptions, the preferable mode of disposing of issues of fact in criminal cases above the grade of petty offenses. In such cases the value and appropriateness of jury trial have been established by long experience, and are not now to be denied. Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant.

The Court reaffirmed *Patton* in *Adams v. United States ex rel. McCann*, 317 U.S. 269, 277–78, 63 S.Ct. 236, 240–41, 87 L.Ed. 268 (1942) (holding that a federal criminal defendant may waive jury trial without advice of counsel). Congress then codified the terms upon which a federal criminal defendant may waive jury trial in Fed.R. Crim.P. 23(a), which provides, "Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government."

Rule 23(a) survived constitutional challenge in *Singer v. United States*, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965). There, after commenting that the Constitution establishes jury trial as the " 'normal and … preferable mode of disposing of issues of fact in criminal cases,' " *id.* at 35, 85 S.Ct. at 790 (quoting *Patton*, 281 U.S. at 312, 50 S.Ct. at 263), the Court stated,

> The Constitution recognizes an adversary system as the proper method of determining guilt, and the Government, as a litigant, has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the Constitution regards as most likely to produce a fair result.

380 U.S. at 36, 85 S.Ct. at 790. The "tribunal," of course, is the jury. The Court added that its "recognition of the Government's interest as a litigant has an analogy in Rule 24(b) of the federal rules [of criminal procedure], which permits the Government to challenge jurors peremptorily," *id.* See also *United States v. Bowles*, 428 F.2d 592, 594–95 (2d Cir.) (citing *Singer*), cert. denied, 400 U.S. 928, 91 S.Ct. 193, 27 L.Ed.2d 188 (1970). Although the Court in *Williams v. Florida*, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970), modified *Patton* by ruling that the right to trial by jury permits a jury of fewer than twelve, the waiver doctrine establishing the Government's interest in trial by jury remains.

Given our holding in *Musacchia*, the Government must be given an equal opportunity to vindicate its interest in trial by

jury with its important procedures. This interest, acknowledged and protected by both the Supreme Court and the Rules, would be weakened considerably if the jury could be selected before a Magistrate over an objection by the Government. *Voir dire* consists of delicate questioning and close decisions concerning whether to excuse a juror or to find a juror exempt or unqualified to serve. Jury selection is a "critical stage of the criminal proceeding." *Gomez*, 109 S.Ct. at 2246. As the Government's consent is necessary for a trial without a jury, we see no reason why it should not be necessary for the selection of the jury before a Magistrate. The Government is entitled to have an Article III judge preside during jury selection in those cases where it believes that this would better serve the public interest.

It may well be that selection of the jury before an Article III judge will insure that any rulings regarding the qualification and challenging of jurors will be free from errors from which the Government never has the opportunity to appeal, and even from errors which may jeopardize any verdict returned by the jury.

Writ of mandamus granted.