**UNITED STATES of America,
Appellant,**

v.

**Chris J. CHEVERE, Defendant–
Appellee.**

**Docket No. 03–1650.**

United States Court of Appeals,
Second Circuit.

Argued: May 10, 2004.

Decided: May 12, 2004.

Charles S. Kleinberg, Assistant United States Attorney (Jo Ann M. Navickas, Assistant United States Attorney, of counsel; Roslynn R. Mauskopf, United States Attorney, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellant.

Daniel L. Meyers (Laura Kittross, of counsel), New York, NY, for Defendant–Appellee.

Before: FEINBERG, MESKILL, and CABRANES, Circuit Judges.

PER CURIAM.

The issue presented is whether a district court may permit a defendant who is charged under 18 U.S.C. § 922(g)(1) as a felon in possession of a firearm to stipulate to his prior felony conviction and thereby remove that element of the offense from the jury's consideration.

Defendant, who has been convicted of several felonies in the past ten years, was arrested by New York City police officers on March 28, 2003, after they allegedly discovered in his waistband a handgun with a defaced serial number. Thereafter, defendant was indicted in the United States District Court for the Eastern District of New York as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and for possessing a firearm with an altered or obliterated serial number in violation of 18 U.S.C. § 922(k). On October 15, 2003, during pre-trial hearings in the case, the District Court (Jack B. Weinstein, *Judge*) ruled, over the Government's objection, that the jury would be precluded from learning that defendant had a prior felony conviction if defendant were to stipulate, outside the jury's presence, that (1) he had been convicted of a

felony prior to March 28, 2003, and (2) he would be guilty of violating § 922(g)(1) if the Government were to prove that on March 28, 2003, he possessed a firearm in or affecting interstate commerce.[1] In other words, if defendant would stipulate to the District Court that he is a felon, the jury would not be told that defendant *is a felon*, and would simply decide the issue of possession. On October 16, 2003, the District Court endorsed, by order, a stipulation between the parties that recited these terms, but which reserved the Government's right to challenge the order on appeal. The Government then filed an interlocutory appeal pursuant to 18 U.S.C. § 3731, arguing that the jury was entitled to hear evidence that defendant had a prior felony conviction.[2] The District Court granted a stay of trial pending resolution of the appeal.

In light of our decisions in *United States v. Gilliam*, 994 F.2d 97 (2d Cir.1993), and *United States v. Belk*, 346 F.3d 305 (2d Cir.2003)—the latter decided one week before the District Court's October 16, 2003 ruling—we hold that a district court has no discretion, in a prosecution under § 922(g)(1), to allow a defendant to stipulate to a prior conviction and thereby entirely withhold that element of the offense from the jury's consideration. Although a defendant may, by stipulating that he has a prior felony conviction, prevent the jury from hearing about the *nature* or *underlying facts* of the conviction, he may not prevent the jury from learning *the fact that he has a prior felony conviction*—a "crucial element" of the offense. *See Gilliam*, 994 F.2d at 103.

In *Gilliam*, we held that a district court did not err by refusing to accept a defendant's proposal to concede the prior conviction element under § 922(g)(1) and thereby keep the fact of his prior conviction from the jury. 994 F.2d at 98. We stated that, "[w]here the prior conviction is essential to proving the crime, it is by definition not prejudicial," and that "where the district court issues a proper curative instruction, we must presume that a conscientious jury will only use the proof of the prior conviction to satisfy the element of the crime." *Id.* at 100. Furthermore, we rejected the defendant's argument that his proposed stipulation would, at least, cause no harm:

> [Defendant's] proposal violates the very foundation of the jury system. It removes from the jury's consideration an element of the crime, leaving the jury in a position only to make findings of fact without knowing the true import of those findings. Again, [defendant] is not charged with mere possession of a weapon, but with possession by a convicted felon. The jury speaks for the community in condemning such behavior, and it cannot condemn such behavior if it is unaware of the nature of the crime charged.

*Id.* at 100–01; *see also id.* at 101 ("Without full knowledge of the nature of the crime, the jury cannot speak for the people or exert their authority.").

In the instant case, the District Court interpreted *Gilliam* as leaving to a trial judge's discretion the decision of whether to accept a defendant's stipulation to the

---

1. 18 U.S.C. § 922(g)(1) makes it a crime for "any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to ... possess in or affecting commerce, any firearm or ammunition." The two elements of the offense are thus (1) possession of a firearm in or affecting commerce (2) by a felon.

2. 18 U.S.C. § 3731 provides for an immediate appeal by the United States "from a decision or order of a district court suppressing or excluding evidence" in a criminal case.

prior-conviction element of § 922(g)(1). Yet such an interpretation was foreclosed by our reasoning in *Gilliam*, as was recognized in our recent decision in *Belk*, which held that a district court does not err in refusing to "bifurcate" a jury trial to provide for separate consideration of the elements of a § 922(g)(1) charge. Under the defendant's proposal in *Belk*, the jury would not be told about the fact of the prior conviction at the start of trial, but would instead be informed that "there is an additional critical element that will be submitted ... for [your] consideration after [you] decide[ ] the issue of possession." 346 F.3d at 308. If the jury determined that the Government had proven the possession element, the district court would then inform the jury that it must also find that the defendant had been convicted of a prior felony. *Id.*

We rejected the defendant's bifurcation proposal in *Belk*, relying on our decision in *Gilliam*, which we described as holding that "a district court cannot, by approving a stipulation of the parties, remove from the jury's consideration altogether the issue of defendant's prior conviction in an 18 U.S.C. § 922(g)(1) case." *Id.* We also described *Gilliam* as "expressly disavow[ing]" the approach taken in *United States v. Orena*, 811 F.Supp. 819 (E.D.N.Y. 1992), in which the district court—as in the instant case—withheld from the jury, over the government's objection, any evidence of the defendant's prior conviction where the defendant was willing to stipulate to the fact of that conviction. *See Belk*, 346 F.3d at 310. In affirming the defendant's conviction in *Belk*, we found it unnecessary to determine whether *Gilliam* would foreclose bifurcation in all conceivable circumstances, although we noted that "it would be an extraordinarily unusual case in which bifurcation of the elements of a charge under § 922(g)(1) could possibly be appropriate." *Id.* at 311.

By leaving open in *Belk* the possibility of bifurcation in some unforeseeable "extraordinarily unusual case," we did not invite district courts in prosecutions under § 922(g)(1) to prevent juries from considering the prior-conviction element. Our refusal to announce a *per se* rule against bifurcation is fully consistent with our articulation, in this case, of a *per se* rule against removing from the jury's consideration the fact of a prior conviction.

In a bifurcated trial of a felon-in-possession charge—assuming that there may indeed be some circumstance in which bifurcation is appropriate—the jury would at least be informed that the charge involved something more than possession, and would, if possession was found, then consider the second element of a prior felony conviction. In contrast, under the stipulation adopted by the District Court in the instant case, the jury would consider possession, unaware of any other element of the offense, and would be stripped of its responsibility to consider both elements.

We therefore conclude that, in a prosecution under § 922(g)(1), there are no circumstances in which a district court may remove the element of a prior felony conviction entirely from the jury's consideration by accepting a defendant's stipulation to that element.[3]

---

**3.** As we stated in *Gilliam*, the fact that there was a prior conviction is a "crucial element" under § 922(g)(1), but because the *underlying facts* of the conviction are prejudicial and irrelevant, they should not be conveyed to the jury where the defendant stipulates to the fact of conviction. 994 F.2d at 103. We have also recognized the propriety of "a curative instruction explaining to the jury that it may only use proof of the prior conviction to satisfy the prior-conviction element of the crime." *Belk*, 346 F.3d at 311.

Finally, defendant's counsel urges for the first time at oral argument that this Court should, as an alternative to affirming, remand the case to the District Court with instructions to hold a bifurcated trial.[4] Defendant's argument seems to be that bifurcation is appropriate here because, if he were tried on the issue of possession, the credibility of his trial testimony would be the central issue, and the jury would give undue weight to his prior felony conviction in assessing his credibility. We decline to order bifurcation simply because the defendant's credibility would be an issue at trial. This is not the "extraordinarily unusual case" in which, under *Belk*, bifurcation "could possibly be appropriate." 346 F.3d at 311.

The order of the District Court is hereby VACATED and the cause is REMANDED for further proceedings consistent with this opinion.

4. The District Court stated during the October 15, 2003 hearing that bifurcation would not be appropriate in this case