In re: UNITED STATES of America, Petitioner,

United States of America,

v.

Amar Amante, Defendant.

Docket No. 05–3067OP.

United States Court of Appeals, Second Circuit.

Submitted June 28, 2005.

Decided Aug. 9, 2005.

Elie Honig, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, on the brief), New York, NY, for Petitioner.

Roy P. Miller, New York, NY, for Defendant.

Before: WALKER, Chief Judge, JACOBS and CABRANES, Circuit Judges.

JOHN M. WALKER, Chief Judge.

The United States of America petitions this court for a writ of mandamus directing the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*) *not* to bifurcate the trial of the elements of a single count charging the defendant, Amar Amante, with being a felon in unlawful possession of a firearm or ammunition, in violation to 18 U.S.C. § 922(g)(1). The district court, *sua sponte,* determined that the possession elements would be tried first, without informing the jury of the nature of the crime charged and without allowing the government to introduce evidence of the defendant's prior felony conviction, and then, if the jury were to find possession, the jury would decide the element of his felon status. We conclude that the district court abused its discretion in ordering the bifurcation; accordingly, we grant the writ and direct that the elements of the offense be tried together in one trial.

## BACKGROUND

■ On January 10, 2005, Amante was indicted on a single count of unlawful possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[1] The government states that it expects the proof at trial to show that, on December 3, 2004, Amante shot another individual outside a bodega in the Bronx. After the shooting, the police recovered three shell casings manufactured by a company outside of New York State. The government also alleges that Amante has previously been convicted of two narcotics-trafficking crimes, each punishable by imprisonment for more than one year. Amante agreed to stipulate that he "was convicted of a crime punishable by imprisonment for a term exceeding one year, which is a felony."

On June 17, 2005, on the eve of trial, the district court *sua sponte* contacted the government and suggested that the parties consider stipulating to a bifurcated trial that would present the defendant's prior-felon status in a second phase. The government submitted a letter brief in opposition arguing that such a bifurcation was contrary to Second Circuit precedent. On June 20, 2005, the day jury selection was supposed to begin, the defendant submitted papers supporting the district court's bifurcation proposal. After a brief hear-

[1.] There are "three simple elements" under § 922(g)(1): "(1) knowing possession of the firearm [or ammunition], (2) a previous felony conviction, and (3) the possession being in or affecting commerce." *United States v. Smith,* 160 F.3d 117, 121 n. 2 (2d Cir.1998).

ing, the district court, over the government's objection, ordered bifurcation: The possession and interstate-commerce elements would be presented to the jury first, without mention of the prior-felony component of the charged offense or of Amante's prior convictions, and, if the jury were to find possession of ammunition that traveled in interstate commerce, the jury would then be asked to determine whether the defendant was a prior felon. The district court explained that the prior-felony element was of such a "dynamite character" that it could "prevent the jury from fairly evaluating the other two aspects." The district court explained: "I favor the [bifurcation] approach, and it's the approach that I used in various trials I've had dealing with a felon in possession of a firearm or ammunition, in this case casing shells."

The government promptly filed the instant petition seeking a writ of mandamus directing the district court not to bifurcate the trial and a stay of the trial pending the determination of the petition. On June 21, 2005, we granted the stay. We now grant the writ.

### DISCUSSION

■ Under the All Writs Statute, this court is empowered to "issue all writs necessary or appropriate in aid of [its] ... jurisdiction[ ] and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "[M]andamus is an extraordinary remedy, the touchstones of which are usurpation of power, clear abuse of discretion and the presence of an issue of first impression." *United States v. Coonan*, 839 F.2d 886, 889 (2d Cir.1988) (internal quotation marks omitted).

In order to obtain a writ of mandamus, the petitioner must show (1) the presence of a novel and significant question of law; (2) the inadequacy of other available remedies; and (3) the presence of a legal issue whose resolution will aid in the administration of justice.

*In re United States*, 903 F.2d 88, 89 (2d Cir.1990). We conclude that all three requirements have been met.

■ This case presents a significant question: whether a district court may bifurcate a single-count felon-in-possession trial absent the government's consent. Its resolution will affect numerous defendants in similar trials and will aid in the administration of criminal justice. Moreover, no remedy is available to the government other than mandamus. Were Amante to prevail at the first phase of a bifurcated trial, double jeopardy will have attached, and the government will be precluded from appealing his acquittal. *See* U.S. const. amend. V; 18 U.S.C. § 3731. Likewise, if the government were to secure a conviction, any appeal would be moot and any alleged error would necessarily be harmless.

Turning to the merits of the petition, the government argues that the district court abused its discretion in ordering the bifurcation, citing *United States v. Gilliam*, 994 F.2d 97 (2d Cir.1993), *United States v. Belk*, 346 F.3d 305 (2d Cir.2003), and *United States v. Chevere*, 368 F.3d 120 (2d Cir.2004) (per curiam), in direct support of its position. Amante's basic contention is that the bifurcation of the elements would "impart a layer of fairness," and that he would be unfairly prejudiced if the government were permitted to present evidence of his earlier conviction prior to or at the same time as the other elements of the offense. We agree with the government that the district court abused its discretion. While it is possible that bifurcation of a single-count felon-in-possession trial might be appropriate in an "extraordinarily unusual case," *Belk*, 346 F.3d at 311, such as where the facts of the prior felony

would be admitted into evidence and are of such a heinous nature as to overwhelm the trial on possession, this is not such a case.

In *United States v. Gilliam,* the defendant, who was charged with being a felon in possession of a firearm, proposed to stipulate entirely to the prior-conviction element and to remove it from the jury's consideration, so that the jury would only determine whether he possessed the gun. 994 F.2d at 99. We affirmed the district court's rejection of this proposal and held that a district court does not err in refusing to bifurcate the trial to remove the element entirely from the jury. *Id.* at 100–03; *see also United States v. Birdsong,* 982 F.2d 481, 482 (11th Cir.1993). Despite Gilliam's assertion that introduction of evidence about his prior convictions was unduly prejudicial, we stated in no uncertain terms that "[w]here the prior conviction is essential to proving the crime, it is by definition not prejudicial." *Gilliam,* 994 F.2d at 100; see also id. at 104–05 (Walker, J., concurring) (explaining that stipulation to prior conviction is always prejudicial, but not unfairly so; "the probativeness of such a stipulation will never be substantially outweighed by the risk of unfair prejudice it poses" under Fed. R.Evid. 403). We explained that

> evidence is prejudicial only when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence. A prior conviction is not prejudicial where the prior conviction is an element of the crime; rather, it proves the fact or issue that justified its admission. Section 922(g)(1) outlaws possession of a weapon that has travel[ ]ed in interstate commerce by an individual previously convicted of certain felonies. The fact that Gilliam was convicted of a felony is an intrinsic issue in a § 922(g)(1) trial, and proof of a prior

conviction is necessary for the offense to be substantiated.

*Id.* at 100. Of significance here, we also underscored that a stipulation to the felony element itself "violates the very foundation of the jury system. It removes from the jury's consideration an element of the crime, leaving the jury in a position only to make findings of fact on a particular element without knowing the true import of those findings." *Id.* at 100–01. Thus, because a defendant's "prior conviction is a 'critical element' of § 922(g)(1) that cannot be divorced from the crime," *id.* at 101, and because "[t]he jury must know why it is convicting or acquitting the defendant, because that is simply how our judicial system is designed to work," *id.,* we affirmed the district court's denial of the defendant's motion to stipulate to the prior-felony element and to remove it from the jury's consideration.

In *United States v. Belk,* we found that a district court does not err in refusing to bifurcate a single-count felon-in-possession trial. 346 F.3d at 310–11; *see also United States v. Mangum,* 100 F.3d 164, 171 (D.C.Cir.1996). We indicated that "[o]ur holding . . . that a district court's refusal to bifurcate cannot constitute error is consistent with . . . the law of the First and Ninth Circuits, which have granted writs of mandamus to prevent trial courts from ever bifurcating the elements of a § 922(g)(1) charge." *Belk,* 346 F.3d at 310–11 (citing *United States v. Barker,* 1 F.3d 957, 959 (9th Cir.1993), *reh'g denied and amended in part by* 20 F.3d 365 (9th Cir.1994); *United States v. Collamore,* 868 F.2d 24, 28 (1st Cir.1989)). In addressing the question of whether "the reasoning in *Gilliam* would foreclose bifurcation altogether," we commented that, "in light of the concerns we expressed in *Gilliam,* . . . it would be an extraordinarily unusual case in which bifurcation of the elements of a charge under § 922(g)(1) could possibly be

appropriate." *Belk*, 346 F.3d at 311 (citing *Gilliam*, 994 F.2d at 101) (emphasis added).

Most recently, in *United States v. Chevere*, we stated that "there are *no circumstances* in which a district court may remove the element of a prior felony conviction entirely from the jury's consideration by accepting a defendant's stipulation to that element" in a prosecution under § 922(g)(1). 368 F.3d at 122 (emphasis added); *see also United States v. Milton*, 52 F.3d 78, 81 (4th Cir.1995). *Chevere* took a step beyond *Gilliam:* In *Gilliam*, we found that a district court did not err in refusing to accept such a stipulation; in *Chevere*, we held that a district court has "no discretion" to accept a stipulation to the prior conviction element. *Chevere*, 368 F.3d at 121. We also explained that

> [b]y leaving open in *Belk* the possibility of bifurcation in some unforeseeable "extraordinarily unusual case," we did not invite district courts in prosecutions under § 922(g)(1) to prevent juries from considering the prior-conviction element. Our refusal to announce a *per se* rule against bifurcation is fully consistent with our articulation, in this case, of a *per se* rule against removing from the jury's consideration the fact of a prior conviction.

*Id.* at 122.

■ Based on these three related decisions and consistent with other circuits that have granted writs of mandamus prohibiting district courts from ever bifurcating the trial, *see, e.g., Barker*, 1 F.3d 957; *Collamore*, 868 F.2d 24, we hold that bifurcation of the elements of a single-count felon-in-possession trial, absent the gov-

ernment's consent, is generally error. *See Belk*, 346 F.3d at 310–11. Where the government agrees to stipulate the fact of the prior felony without going into the underlying facts, there can be no unfair prejudice justifying bifurcation. We do not rule out bifurcation where the facts underlying the prior felony would be presented to the jury and are so heinous as to overwhelm the trial of firearm or ammunition possession.

■ The core justification that the district court offered for ordering bifurcation—potential prejudice to Amante as a result of the simple fact of the prior felony—has been rejected by this court without equivocation. We made clear in *Gilliam* that "[w]here the prior conviction is essential to proving the crime, it is by definition not prejudicial." 994 F.2d at 100; *see also Belk*, 346 F.3d at 310 (" '[A] prior conviction is not prejudicial where the prior conviction is an element of the crime' because it 'proves the fact or issue that justified its admission into evidence.' " (quoting *Gilliam*, 994 F.2d at 100) (alteration in original omitted)).[2]

■ The district court's bifurcation order here presents the problem of forcing the jury to deliberate about the issue of ammunition possession without knowing that the charged crime requires a prior felony. This can confuse the jurors and unfairly prejudice the government because the jurors are being asked to deliberate about facts that they most likely would *not* consider to be a crime: simply possessing a firearm or ammunition. *See Collamore*, 868 F.2d at 28; *cf. Old Chief v. United States*, 519 U.S. 172, 189, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997) ("People who hear

---

**2.** We note that in a multi-count trial, a decision to bifurcate a felon-in-possession charge in its entirety from other charges (or severance or "some other effective ameliorative procedure") may be appropriate in certain circumstances. *United States v. Jones*, 16 F.3d 487, 492–93 (2d Cir.1994).

a story interrupted by gaps of abstraction may be puzzled at the missing chapters, and jurors asked to rest a momentous decision on the story's truth can feel put upon at being asked to take responsibility knowing that more could be said than they have heard."). The felon-in-possession statute does not punish simple possession, rather the offense punishes felons who, with the requisite mens rea of their felon status, carry a firearm or ammunition. *See United States v. Brinklow*, 560 F.2d 1003, 1006 (10th Cir.1977).

As we noted in *Gilliam*, bifurcation of the trial under these circumstances improperly undermines "the very foundation of the jury system." 994 F.2d at 100.

> Without full knowledge of the nature of the crime, the jury cannot speak for the people or exert their authority. If an element of the crime is conceded and stripped away from the jury's consideration, the jurors become no more than factfinders. The jury must know why it is convicting or acquitting the defendant, because that is simply how our judicial system is designed to work.

*Id.* at 101.

In the present case, the defendant's previous felony convictions were for narcotics trafficking. Nothing about these prior convictions, and the facts surrounding them, even if admitted, is "extraordinarily unusual." *Belk*, 346 F.3d at 311. Therefore, the district court abused its discretion in deciding to bifurcate the trial.

## CONCLUSION

For the foregoing reasons, we GRANT the writ of mandamus, VACATE the stay, and REMAND the case for trial consistent with this opinion.