09-1160-cr
United States v. Harrington

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of March, two thousand ten.

PRESENT:
        RALPH K. WINTER,
        DEBRA ANN LIVINGSTON,
                *Circuit Judges*.[*]

---

United States of America,

        *Appellee*,

        v.                                                                09-1160-cr

Russell Harrington,

        *Defendant-Appellant*.

---

[*]The Honorable Lewis A. Kaplan, sitting by designation from the United States District Court for the Southern District of New York, originally a member of the panel, did not participate in consideration of this appeal.  The two remaining members of the panel, who are in agreement, have determined the matter.  *See* 28 U.S.C. § 46(d); 2d Cir. I.O.P. E; *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

FOR APPELLANT:        SAM A. SCHMIDT, Law Office of Sam A. Schmidt, New York, NY.

FOR APPELLEE:         PREET BHARARA, United States Attorney for the Southern District of New York, KENNETH ALLEN POLITE, JR. and MICHAEL D. MAIMIN, Assistant United States Attorneys, New York, NY.

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court be **AFFIRMED**.

Defendant-Appellant Russell Harrington appeals from a March 18, 2009 judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*) sentencing him principally to 188 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and the issues on appeal.

On May 5, 2006, a one-count indictment was filed charging Harrington with possession of a firearm by a previously convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On June 13, 2007, after a two-day jury trial before Judge Sprizzo, Harrington was convicted of the sole count of the indictment. On March 6, 2009, after the case was reassigned from Judge Sprizzo to Judge Kaplan, Harrington was sentenced pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to a term of 188 months' imprisonment. On appeal, Harrington makes arguments with respect to both the judgment of conviction and his sentence. For the reasons that follow, we reject all of Harrington's arguments.

## I.      *Judgment of Conviction*

The government must prove three elements under Section 922(g)(1): "(1) knowing possession of the firearm [or ammunition], (2) a previous felony conviction, and (3) the possession being in or affecting commerce." *United States v. Amante*, 418 F.3d 220, 221 n.1 (2d Cir. 2005).

The district court here allowed Harrington to present evidence of—and instructed the jury on—an "innocent possession" defense to Section 922(g)(1).[1] Harrington argued that because he possessed the firearm at issue only in order to turn it over to New York City's "Toys for Guns" program, he could not be convicted under Section 922(g)(1). The government was then permitted to introduce evidence of Harrington's 1991 New York State conviction for Robbery in the First Degree, a crime that Harrington allegedly used a firearm to commit, to establish that Harrington's intent in possessing the firearm in connection with the instant offense was not, in fact, innocent. At trial, the government placed a certified copy of the record of Harrington's robbery conviction into evidence. However, although Harrington has not disputed that he possessed a weapon at the time of his prior robbery, the record of conviction does not, in fact, indicate that the robbery was committed using a firearm.

Harrington argues that this was propensity evidence admitted in violation of Federal Rule of Evidence 404(b), which prohibits admission of "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith," but permits admission of such evidence "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). We review evidentiary rulings for abuse of discretion. *United States v. Mercado*, 573 F.2d 138, 141 (2d Cir. 2009). Additionally, "evidentiary rulings are subject to harmless error analysis." *Id.* In reviewing for harmless error, "we principally consider: (1) the overall strength of the prosecution's case; (2) the prosecutor's conduct with respect to the improperly admitted evidence; (3) the importance of the wrongly admitted [evidence]; and (4) whether such evidence was cumulative of

---

[1]This Court has not decided whether such a defense exists. *Cf. United States v. White*, 552 F.3d 240, 248-49 (2d Cir. 2009) (describing "fleeting possession" affirmative defense to Section 922(g)(1) and noting that defense has not been recognized in this Circuit, other than in *dicta*). We need not reach the question here.

other properly admitted evidence." *United States v. McCallum*, 584 F.3d 471, 478 (2d Cir. 2009). The most important of these factors is the strength of the government's case. *Id.*

Here, we easily conclude that whatever error was committed in introducing the certified copy of the conviction into evidence, the error was harmless. First, and most importantly, the government's case against Harrington was "indisputably strong." *Id.* Harrington stipulated to two elements of Section 922(g)(1)—that he had a previous felony conviction and that the gun had traveled in commerce. And with regard to the "knowing possession of a firearm" element of the offense, the government presented ample evidence at trial from which the jury could without difficulty conclude that Harrington's possession was knowing, including police testimony regarding the recovery of the weapon by officers after Harrington was observed discarding it and Harrington's own admission that he possessed the weapon. Finally, even assuming this Circuit were to recognize an innocent possession defense, the government's case that Harrington's possession was not innocent was equally strong. Although Harrington argued at trial he possessed the firearm so that he could turn it into the "Toys for Guns" program, this program did not exist in 2006 when Harrington was arrested. Additionally, Harrington's explanation for his possession changed between his post-arrest written statement, in which he stated that he found the weapon and took possession of it to turn it in for presents for his daughter, and the story he told to his parole officer, that he took possession of the weapon to prevent a young boy from having access to it. These discrepancies provided further reason for the jury to disbelieve his defense.

As to the use made of the robbery conviction at trial, once the government introduced the record of conviction into evidence, no further mention of this conviction was made by either party for the remainder of the trial. *See McCallum*, 584 F.3d at 478 (noting as relevant in the harmless

4

error analysis that "the government did not draw undue attention to the prior convictions, omitting as it did any discussion of the convictions in its summation or rebuttal"). The jury was already aware, moreover, that the defendant had committed a prior felony, based on the parties' stipulation. In light of these considerations, we conclude that any error in the district court's admission of the record of conviction was harmless.

## II.  *Sentencing*

Harrington makes two principal arguments with regard to his sentence. First, he argues that he was improperly sentenced as an armed career criminal because a jury, rather than the sentencing judge, should have determined whether he committed the predicate offenses for purposes of the ACCA. Second, he argues that it was improper to count a 1990 armed robbery conviction as a predicate offense for the ACCA because he was 16 years old when he committed the offense. We review these issues of law *de novo*. *United States v. Selioutsky*, 409 F.3d 114, 119 (2d Cir. 2005).

Under the ACCA, a defendant is subject to an enhanced penalty if he violates Section 922(g) and has three previous convictions for a "violent felony" or "serious drug conviction." 18 U.S.C. § 924(e). As defined by the statute,

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; and
> (C) the term "conviction" includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.

*Id.* Moreover, "[w]hat constitutes a conviction of a [crime punishable by imprisonment for a term

5

exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." *Id.* § 921(20).

Harrington's first argument is foreclosed by the Supreme Court's and this Circuit's precedent. He argues that *Almendarez-Torres v. United States*, 523 U.S. 224 (1997), which held that recidivism is a sentencing factor rather than an element of the crime, was either wrongly decided or has been overruled. Since it was decided, however, this principle from *Almendarez-Torres* has been repeatedly reaffirmed by the Supreme Court. *See Blakely v. Washington*, 542 U.S. 296, 301 (2004) ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (emphasis added)); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (same). Moreover, this Court has affirmed that it is a role for the district court, not a jury, to find the predicate felony convictions before sentencing a defendant as an armed career criminal. *See United States v. Massey*, 461 F.3d 177, 179 (2d Cir. 2006); *United States v. Estrada*, 428 F.3d 387, 390 (2d Cir. 2005) ("[T]he Supreme Court's ruling in *Almendarez-Torres* . . . that recidivism is a sentencing factor rather than an element of the crime, remains good law, and it is not within the purview of the Courts of Appeals to anticipate whether the Supreme Court may one day overrule its existing precedent." (internal quotation marks omitted)). Thus, it was not error for the district court, rather than a jury, to determine that Harrington had committed the predicate felonies in this case.

Harrington next argues that one of the predicate felonies on which his status as an armed career criminal was based was committed when Harrington was 16 years old and should not count for purposes of the ACCA. The district court determined that Harrington's 1990 commission of Attempted Robbery in the Second Degree for which he was tried and, in 1991, sentenced as an adult

was a "violent felony" under Section 924(e). Harrington asserts that Section 924(e) should be read such that all youthful offenders are considered to have committed an "act of juvenile delinquency" and therefore, before such an offense can count as a predicate offense for the ACCA, it must "involv[e] the use or carrying of a firearm, knife, or destructive device." Under this interpretation of the statute, even though Harrington was tried and sentenced as an adult, his 1991 attempted robbery conviction cannot count as an ACCA predicate because the offense did not involve the use of a firearm, knife, or destructive device. Harrington is incorrect.

Section 924(e) provides that a "violent felony" means a "crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 924(e)(2)(B). Section 921(20) explicitly states that whether a given conviction satisfies this definition "shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(20). This Court has also affirmed that "[a]n offense constitutes an act of juvenile delinquency [for purposes of the ACCA] if it is adjudicated as such by the applicable state." *United States v. Daye*, 571 F.3d 225, 230 n.7 (2d Cir. 2009) (citing *United States v. Lender*, 985 F.2d 151, 156 (4th Cir. 1993)). Thus, under the unambiguous language of the statute, since Harrington was convicted, in state court, as an adult, of a "crime punishable by imprisonment for a term exceeding one year" that "has as an element the . . . attempted use . . . of physical force," he committed a "violent felony." 18 U.S.C. § 924(e). Because New York adjudicated him as an adult, and because Section 924(e) does not incorporate an age threshold below which a conviction is automatically an "act of juvenile delinquency," there is no need in this case to refer to the provision of Section 924(e) that provides a way for "act[s] of juvenile delinquency" to count as predicate violent felonies.

To the extent Harrington argues that this reading of the statute runs afoul of *Taylor v. United*

*States*, 495 U.S. 575 (1990), we disagree. In *Taylor*, the Supreme Court determined that it was unclear whether Congress had intended to make a statutory term dependent on state law. *Id.* at 580. Here, by contrast, Congress defined "crime punishable by imprisonment for a term exceeding one year" with explicit reference to state law. 18 U.S.C. § 921(20); *see also Daye*, 574 F.3d at 230 n.7. *Taylor* is therefore distinguishable. We similarly reject any argument that this reading of Section 924(e) violates Harrington's equal protection rights. It is not irrational for Congress to define some aspects of federal statutes with reference to state law. *See United States v. Lender*, 985 F.2d 151, 156 n.* (4th Cir. 1993).

We have considered the remainder of Harrington's claims and determined them to be without merit.

For the foregoing reasons, the judgments of the district court are hereby **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8