14-2618-cr
United States v. Cannon

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of January, two thousand sixteen.

PRESENT:  RALPH K. WINTER,
　　　　　　REENA RAGGI,
　　　　　　CHRISTOPHER F. DRONEY,
　　　　　　　　　*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,
　　　　　　　　*Appellee*,

　　　　v.　　　　　　　　　　　　　　　　　　No. 14-2618-cr

FEDERICO CANNON,
　　　　　　　　*Defendant-Appellant*.

------------------------------------------------------------------

APPEARING FOR APPELLANT:　　JEREMIAH DONOVAN, ESQ., Old Saybrook, Connecticut.

APPEARING FOR APPELLEE:　　RAHUL KALE, Assistant United States Attorney (Marc H. Silverman, Assistant United States Attorney, *on the brief*), *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, Connecticut.

Appeal from a judgment of the United States District Court for the District of

Connecticut (Robert N. Chatigny, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 17, 2014, is AFFIRMED.

Defendant Federico Cannon stands convicted after a jury trial of being a felon in possession of a firearm and ammunition. See 18 U.S.C. §§ 922(g)(1), 924(a)(2). On appeal, Cannon challenges (1) the sufficiency of the evidence supporting his conviction, and (2) certain adverse evidentiary rulings. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Sufficiency of the Evidence

Cannon asserts that he was entitled to a judgment of acquittal under Fed. R. Crim. P. 29 because the trial evidence was insufficient as a matter of law to prove that he "knowingly possess[ed]" the charged firearm or ammunition. United States v. Amante, 418 F.3d 220, 221 n.1 (2d Cir. 2005) (reciting elements of § 922(g)(1)).[1] We review a sufficiency challenge de novo and must affirm the conviction if, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); accord United States v. Kozeny, 667 F.3d 122, 139 (2d Cir. 2011). In conducting such review, we are mindful that "[d]irect evidence is not required" and that "the government is entitled to prove its case solely

---

[1] Cannon does not contest the sufficiency of the evidence as to the second and third elements of a § 922(g)(1) crime, i.e., that the charged possession was "in or affecting commerce," and that he had "a previous felony conviction." United States v. Amante, 418 F.3d at 221 n.1.

2

through circumstantial evidence, provided, of course, that the government still demonstrates each element of the charged offense beyond a reasonable doubt." United States v. Lorenzo, 534 F.3d 153, 159 (2d Cir. 2008) (internal quotation marks omitted).

Cannon argues that the government failed to carry this burden because the trial evidence gave "equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence." United States v. Glenn, 312 F.3d 58, 70 (2d Cir. 2002). The government maintains that Glenn cannot be construed to impose a stricter review standard than that pronounced in Jackson v. Virginia. Indeed, it notes that sister circuits have expressly rejected the equipoise standard urged by Cannon. See United States v. Vargas-Ocampo, 747 F.3d 299, 301 (5th Cir. 2014) (en banc) ("We abandon use of the 'equipose rule'"); United States v. Caraballo-Rodriguez, 726 F.3d 418, 431–32 (3d Cir. 2013) (en banc) (rejecting view that evidence of drug conspiracy is insufficient where such evidence is "just as consistent" with conspiracy to deal in contraband other than drugs). We need not pursue the point here because, as the district court correctly observed, the evidence was not in equipoise but, rather, tilted decidedly in favor of guilt.

This evidence included (1) the proximity of the firearm to Cannon. When spotted by law enforcement authorities, the gun was on the rear floor of the car in which Cannon was the only back-seat passenger, less than a foot away from Cannon's feet. While proximity alone cannot prove possession, see United States v. Rodriguez, 392 F.3d 539, 548 (2d Cir. 2004), here the evidence further showed that (2) as soon as police stopped the vehicle, Cannon jumped out of the car and started walking away. Further, when told to stop, (3) Cannon provided a false explanation for walking away: a purported visit to

3

the nearby home of the non-existent "Misha." Such attempted flight and false statements can admit a jury finding of consciousness of guilt, in turn supporting an inference of possession. See United States v. Perez, 387 F.3d 201, 209 (2d Cir. 2004) (recognizing flight and false statements as evidence of consciousness of guilt); United States v. Castro, 813 F.2d 571, 577 (2d Cir. 1987) (concluding that defendant's attempt to flee premises before police conducted search that discovered narcotics was evidence that defendant was in possession of contraband). Thereafter, when Cannon reentered the car at police direction, (4) officers saw him squirming and shifting in his seat. It was soon after that police discovered the firearm at Cannon's feet, (5) on a floor mat that was askew. Together this evidence permitted a reasonable jury to find that Cannon had constructive possession of the gun and, indeed, was intent on exercising control over it by attempting to conceal it from the police. See United States v. Greer, 631 F.3d 608, 614 (2d Cir. 2011) (stating that constructive possession is evident when person has "power and intention to exercise dominion and control" over item at issue).[2]

The absence of any comparable evidence of proximity, flight, falsity, or possible concealment by the car's driver or front-seat passenger defeats Cannon's argument that the record was as consistent with their possession of the firearm as with his own. Cannon was, of course, free to, and in fact did, argue his alternative theories to the jury, which apparently rejected them.

---

[2] The jury also heard that Cannon, as well as the other two passengers in the stopped vehicle, had prior convictions for firearms possession. As to Cannon, these convictions were admitted for the limited purpose of assessing knowledge and intent, see Fed. R. Evid. 404(b), a ruling to which no challenge is raised on appeal.

4

Our task is not to substitute our judgment for that of the jury in weighing the evidence. See United States v. Jackson, 335 F.3d 170, 180 (2d Cir. 2003). We consider only whether the evidence was sufficient to allow any reasonable jury to find Cannon guilty beyond a reasonable doubt. Because we conclude that it was, Cannon's sufficiency challenge fails on the merits.

2.    Evidentiary Challenges

Cannon contends that the district court erred in (1) denying his request to have the jury view front-seat passenger Elijah Lewis, who had invoked his Fifth Amendment right against self-incrimination when called by Cannon to testify; and (2) precluding Dominique Turner from testifying to statements made by Lewis purportedly exculpating Cannon and inculpating the car driver. We review these evidentiary challenges for abuse of discretion, see United States v. Miller, 626 F.3d 682, 687–88 (2d Cir. 2010), which we do not identify here.

Cannon argues that the jury should have been allowed to view Lewis because his large size would have made it more likely that Lewis, rather than Cannon, was responsible for the car rocking observed by police moments before the gun was discovered. The district court concluded that such a viewing was unlikely to yield relevant evidence given that no witness testified to seeing Lewis moving in the car. Further, a viewing could be confusing when the jury would not be hearing any testimony from Lewis. We "accord great deference" to a district court's assessment of relevance and prejudice or confusion, mindful of its advantage in seeing the witnesses, parties, and jurors, and its superior position in evaluating the likely impact of the evidence. United

5

States v. Gupta, 747 F.3d 111, 132 (2d Cir. 2014). We will only find abuse of discretion if its evidentiary ruling was "arbitrary and irrational." Id. That is not this case. Cannon himself conceded in the district court that there was no evidence of Lewis moving in the vehicle. In any event, the district court did not preclude Cannon from eliciting testimony from police witnesses about the relative sizes of Lewis and Cannon. Further, the government's references to car rocking were minimal; instead, its emphasis was on Cannon's observed movements. In these circumstances, the district court did not exceed its discretion in denying the requested viewing.

Nor do we identify error in the district court's decision to preclude Dominique Turner from testifying that Lewis had told her that it was the car's driver, Louis Durrett, who threw the gun in the back of the car after Cannon had exited the vehicle and that Cannon had no knowledge that the firearm was there. Cannon maintains that the statement was admissible because Lewis was rendered "unavailable" by his invocation of his right against self-incrimination and the statement was against his penal interest. See Fed. R. Evid. 804(b)(3) (providing for admission of out-of-court statement if reasonable person in unavailable declarant's position would have made it only if he believed it to be true because, "when made, it . . . had so great a tendency . . . to expose the declarant to civil or criminal liability").

The district court did not abuse its discretion in concluding that Cannon failed to satisfy the latter requirement. First, Lewis's statement is not, on its face, "self-inculpatory" because it places blame for possession of the firearm only on Durrett. Williamson v. United States, 512 U.S. 594, 600 (1994) (holding that statement must be

6

"self-inculpatory" to satisfy Rule 804(b)(3)).  Second, and in any event, the statement when made did not expose Lewis to liability because some three months earlier, he had already pleaded guilty in Connecticut court to occupancy of a vehicle in which he knew a firearm was located.  See Conn. Gen. Stat. § 29-38.

Accordingly, Cannon's evidentiary challenges are without merit.

3.    Conclusion

We have considered Cannon's remaining arguments and conclude that they are without merit.  We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

7