WILLIAM F. KUNTZ, II, United States District Judge:
Mr. David White ("Defendant") moves in limine for an order (1) precluding any reference to the number, nature, or name of Defendant's prior convictions, and requesting the Court provide a limiting instruction in connection with the jury's consideration of the stipulated fact of Defendant having previously been convicted of a felony; and (2) precluding the Government from referring to Defendant as a "convicted felon" or "felon," and also precluding the Government from using the term "felony" at all. Defendant's Motion in Limine at 2-3 ("Def. Mot."), ECF No. 51. For the reasons discussed below, Defendant's motion is GRANTED in part and DENIED in part.[1]
BACKGROUND
On June 23, 2017, Defendant was indicted on one count of being a felon in possession *352 of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 3551 et seq. ECF No. 8. On September 15, 2017, Defendant filed a motion seeking to suppress a firearm, ammunition, and all other tangible evidence obtained as a result of a car search that occurred in the early morning hours on May 31, 2017. ECF No. 18 at 1-2. After holding a suppression hearing and considering the parties' written submissions, this Court denied Defendant's motion in a written decision dated February 8, 2018. ECF No. 40.
On April 23, 2018, Defendant filed a motion in limine requesting (1) no reference be made to the number, nature, or name of Defendant's prior convictions, and requesting the Court provide a limiting instruction to the jury when the stipulation between the parties establishing the fact that Defendant has previously been convicted of a crime punishable by imprisonment for a term exceeding one year is entered into evidence; and (2) the Government be precluded from referring to Defendant as a "convicted felon" or "felon," and also be precluded from using the term "felony" at all. Def. Mot. at 2-3. On April 30, 2018, the Government filed its response to Defendant's motion. Gov't Resp., ECF No. 55.
DISCUSSION
I. Applicable Law
Pursuant to Rule 403 of the Federal Rules of Evidence, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "[B]ecause the district court is in a better position to evaluate the danger of unfair prejudice resulting from particular evidence, a ruling under Fed. R. Evid. 403 will be reversed only upon a clear showing that a district court abused its discretion." United States v. Simmons , 923 F.2d 934, 948 (2d Cir. 1991) (citations omitted).
In Old Chief v. United States , the Supreme Court held the district court abused its discretion when it admitted evidence regarding the defendant's prior conviction in a prosecution for 18 U.S.C. § 922(g)(1) -the same statute Defendant is charged with violating in the instant case-when the defendant was prepared to stipulate to the fact of having been previously convicted of a crime punishable by a term of imprisonment exceeding one year. 519 U.S. 172, 174, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). In so doing, the Court explained that, in prosecutions for violations of § 922(g)(1), "there can be no question that evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant. That risk will vary from case to case ... but will be substantial whenever the official record offered by the Government would be arresting enough to lure a juror into a sequence of bad character reasoning." Id. at 185, 117 S.Ct. 644. Because "there is no cognizable difference between the evidentiary significance of an admission and of the legitimately probative component of the official record the prosecution would prefer to place in evidence" for purposes of establishing the fact of a prior felony conviction in a § 922(g)(1) prosecution, the Court held the district court erred in its Rule 403 analysis. Id. at 191-92, 117 S.Ct. 644 ; see also United States v. Chevere , 368 F.3d 120, 122 n.3 (2d Cir. 2004) ("[T]he fact that there was a prior conviction is a crucial element under § 922(g)(1), but because the underlying facts of the conviction are prejudicial and irrelevant, they should not be conveyed to the jury where the defendant stipulates to the fact of conviction." (quotation marks and citation *353 omitted) );[2] United States v. Gilliam , 994 F.2d 97, 103 (2d Cir. 1993) ("The jury has no need to know the nature of the prior conviction; all that it needs to know is that there was a prior conviction sufficient to sustain that element of the crime [in a prosecution for violating § 922(g)(1) ]." (citation omitted) ).
II. Application
A. Reference to Defendant's Prior Felony Convictions and Request for a Limiting Instruction
In its response to Defendant's motion, the Government writes, "[c]onsistent with the defendant's request, the government does not intend to introduce evidence of the name or nature of the defendant's prior convictions in its case-in-chief." Gov't Resp. at 2. Accordingly, in accordance with Rule 403, Old Chief , and the Second Circuit authority discussed supra , both parties appear to agree that, in light of the stipulation, evidence of Defendant's prior convictions is not admissible as part of the Government's case-in-chief. This Court is in agreement as well.
However, the Government also writes to clarify that, as set forth in its first motion in limine , ECF No. 50, should Defendant testify at trial, it intends to impeach Defendant with the statutory name of offense, date of conviction, and sentence imposed for certain of Defendant's prior felony convictions, and also intends to cross-examine Defendant regarding the underlying facts of those prior convictions should he open the door to such inquiry during his testimony. Gov't Resp. at 2. It is well-settled that "prior-offense evidence may in a proper case be admissible for impeachment, even if for no other purpose." Old Chief , 519 U.S. at 176 n.2, 117 S.Ct. 644 (citing Fed. R. Evid. 609) ; see, e.g., United States v. Smith , 131 F.3d 685, 687 (7th Cir. 1997). The Court addresses those issues in a separate decision and order on the Government's first motion in limine .
Although both parties agree a limiting instruction is appropriate, they disagree as to the specific content of that instruction. See Def. Mot. at 3; Gov't Resp. at 2. The Court agrees a limiting instruction is appropriate. See, e.g., Chevere , 368 F.3d at 122 n.3 ; Belk , 346 F.3d at 311. Subject to modification after further consideration of the parties' proposed jury charge, the Court will provide the following limiting instruction regarding the parties' stipulation to the fact of Defendant's prior conviction:
I instruct you, in this connection, that the prior conviction that is an element of the charge here, and is not disputed, is only to be considered by you for the fact that it exists, and for nothing else. You are not to consider it for any other purpose. You are not to speculate as to what it was for. You may not consider the prior conviction in deciding whether the Government has proved beyond a reasonable doubt that the defendant was in knowing possession of the gun that is charged, which is the disputed element of the offense.[3]
*354 B. Use of the Phrase "Convicted Felon"
The parties disagree over whether the Government should be permitted to refer to Defendant as a "convicted felon" or "felon." Defendant argues the phrase " 'convicted felon' carries with it a connotation, often invoked in the media, of a bad and dangerous person that could cause the jury to convict Mr. White based on fear and prejudice rather than on the evidence at trial," and even seeks to preclude use of the term "felony." Def. Mot. at 3 & n.1. Defendant avers the Second Circuit indicated in Belk that the "preferred practice" is to avoid use of the term "convicted felon" in this circumstance. Id. at 3-4. The Government argues there is no categorical bar on the use of these terms, and they are, in fact, commonly used. Gov't Resp. at 3. The Government argues Belk did not establish a bar to using the phrase "convicted felon," and more recent Second Circuit case law affirms this conclusion. Id. This Court agrees with the Government.
In United States v. White , the defendant was also charged with violating 18 U.S.C. § 922(g)(1) and moved in limine for a court order precluding the Government from describing him as a "convicted felon." 08-CR-0682, 2009 WL 4730234, at *1 (E.D.N.Y. Dec. 4, 2009) (Garaufis, J.). The parties in that case made nearly identical arguments to those made here. Id. The court denied the defendant's request, explaining that "[a]lthough not contained in the statutory text of § 922(g)(1), the phrase is a convenient shorthand for the prior-conviction element of the statutory offense charged, and it is commonly used when referring to that element of the crime." Id. at *2 (citations omitted). The court also agreed with the Government that Belk "does not require a contrary result," and noted "the Second Circuit did not require district courts to prohibit all use of the phrase 'convicted felon;' instead, the court referenced the measure as one among many that can reduce the risk of prejudice." Id. at *3.[4]
This Court agrees with the White court's analysis and finds it persuasive. As previously stated, this Court will issue a limiting instruction regarding the stipulated fact of Defendant's prior conviction, and the Government is precluded from introducing evidence of Defendant's prior convictions as part of its case-in-chief. Moreover, as in White , this Court will closely monitor the Government's use of the terms "convicted felon," "felon," and "felony" to ensure the Government does not overuse them or otherwise employ them in a prejudicial manner, and defense counsel is free to object to the extent he believes the Government is doing so. See White , 2009 WL 4730234, at *2. The Court views these precautions as sufficient to protect against any potential unfair prejudice. Accordingly, having carefully considered both parties' submissions, the Court declines to adopt a categorical bar on the use of the terms "convicted felon," "felon," and "felony."
CONCLUSION
For the foregoing reasons, Defendant's motion in limine , ECF No. 51, is GRANTED in part and DENIED in part. The Government is precluded from introducing evidence of the name, nature, and number *355 of Defendant's prior convictions in its case-in-chief, and the Court will give a limiting instruction regarding the jury's consideration of the fact of Defendant's prior conviction. However, subject to the limitations described herein, the Government is not precluded from using the terms "convicted felon" and "felon" to describe Defendant, nor is the Government limited in its use of the term "felony."
SO ORDERED.

The Government has also submitted two motions in limine . This Court addresses those motions in separate decisions.

In Chevere , the Second Circuit also noted it has "recognized the propriety of 'a curative instruction explaining to the jury that it may only use proof of the prior conviction to satisfy the prior-conviction element of the crime.' " Chevere , 368 F.3d at 122 n.3 (quoting United States v. Belk , 346 F.3d 305, 311 (2d Cir. 2003) ).

Adapted from Leonard B. Sand et al., Modem Federal Jury Instructions-Criminal , Instruction 35-48 (2017); see also jury charge in United States v. Haynesworth , 12-CR-86 (E.D.N.Y. Sept. 26, 2012) (Kuntz, J.).

In its opposition, the Government points to United States v. Scott , 347 Fed.Appx. 688 (2d Cir. 2009), a case in which the defendant, who was convicted of violating § 922(g)(1), argued on appeal that it was improper for the prosecution to refer to him as a "convicted felon" during trial. Gov't Resp. at 3. Although the panel did not directly address this issue, it nonetheless concluded that "the remainder of Scott's contentions ... [are] without merit," Scott , 347 Fed.Appx. at 690, which lends support to the Government's argument that Belk does not require preclusion of the use of the phrase "convicted felon."